In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00138-CR


______________________________




BRIAN TODD MCDANIEL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 182nd Judicial District Court


Harris County, Texas


Trial Court No. 858755




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Brian Todd McDaniel appeals from his conviction on his plea of guilty for retaliation. He
is represented on appeal by retained counsel, Jeffrey Sasser. The clerk's record was filed on
September 21, 2001, and the reporter's record was filed on August 30, 2001. McDaniel's brief was
thus originally due on October 22, 2001. 

 Counsel has filed three motions to extend the time to file his brief. The last extension ended
February 1, 2002. The final extension contained the notation that "NO MORE EXTENSIONS WILL
BE GRANTED." Our clerk's office contacted counsel on February 25, 2002, at which time counsel
stated that he had been in drug treatment, that he had completed the brief, and that he would send
it  to  this  Court  by Federal Express on  March  1,  2002.  We  did  not  receive  his  brief,  and on
March 7, 2002, we issued an order directing Sasser to file a brief on or before March 15, 2002, or
be prepared to show cause why he should not be held in contempt of court. 

 On March 21, 2002, we issued a show cause order. It could not be served on Sasser because,
according to his secretary, he is in his office only a few minutes a week, and despite several attempts
to serve notice on him, the officers did not find him.

 As of the date of this opinion, no brief has been received, and despite additional telephone
calls made by our clerk's office, Sasser has not contacted this Court. 

 It has now been five and one-half months since the original due date of the brief.

 Retained counsel has completely failed, over a period of five months, in his duty to prosecute
this appeal, to contact this Court to explain his failure to file a brief, or to take any other action
toward prosecuting the appeal. Further, we have been entirely unable to contact counsel. In
addition, we have been informed that McDaniel has been free on bond since June 1, 2001. Under
these circumstances, we conclude that this appeal was not taken with the intention of pursuing it to
effect, but instead was taken for purposes of delay while McDaniel remains at liberty. Accordingly,
we dismiss this appeal for want of prosecution. See Rodriguez v. State, 970 S.W.2d 133 (Tex.
App.-Amarillo 1998, pet. ref'd).

 The appeal is dismissed.

 


 William J. Cornelius

 Chief Justice


Date Submitted: April 4, 2002

Date Decided: April 4, 2002


Publish



;                                  

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30141-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Elzie Lilly, III, appeals from his conviction, on his plea of guilty without a plea agreement,
to the offense of delivery of cocaine in an amount less than one gram. A jury assessed his
punishment at 180 days' confinement in a state jail facility. Lilly also has a pending appeal in a
companion case, in which he pled guilty to delivery of cocaine in an amount between one and four
grams, and was sentenced to nine years' imprisonment. The two cases were tried together, and he
has raised the same contention of error in each appeal.


 
            In his single contention of error, Lilly argues he received ineffective assistance of counsel
at trial. The standard of testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668 (1984). To prevail, an appellant must prove by a preponderance of the
evidence (1) that his or her counsel's representation fell below an objective standard of
reasonableness and (2) that the deficient performance prejudiced his or her defense. Id.; Rosales
v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant must prove
that the attorney's representation fell below the standard of prevailing professional norms and that
there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would
have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). In so doing, the
appellant must prove that counsel's representation so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having produced a just result. Strickland, 466
U.S. at 686. 
            Our review of counsel's representation is highly deferential, and we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. Id. at 689;
Tong, 25 S.W.3d at 712. This Court will not second-guess through hindsight the strategy of counsel
at trial, nor will the fact that another attorney might have pursued a different course support a finding
of ineffectiveness. Blott v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). That another
attorney, including appellant's counsel on appeal, might have pursued a different course of action
does not necessarily indicate ineffective assistance. Harner v. State, 997 S.W.2d 695, 704 (Tex.
App.‒Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
            When ineffective assistance is raised on direct appeal, appellate counsel and the court must
proceed on a trial record not developed for the object of litigating or preserving the claim and thus
often incomplete or inadequate for this purpose. Freeman v. State, No. 2156-01, 2003 Tex. Crim.
App. LEXIS 711 (Tex. Crim. App. Nov. 5, 2003). Some claims may be disposed of on direct appeal
where "trial counsel's ineffectiveness is so apparent from the record." Massaro v. United States, ___
U.S. ___, 123 S.Ct. 1690, 1694 (2003); Freeman, 2003 Tex. Crim. App. LEXIS 711, at *3. Such
situations are quite rare, however. See Freeman, 2003 Tex. Crim. App. LEXIS 711, at *3. 
            Appellate counsel contends trial counsel was ineffective because he (1) did not object to a
defective indictment, (2) filed defective defensive pleadings, (3) allowed the cases to be consolidated
for punishment when the available punishments were in conflict, (4) did not object to extraneous
offenses and bad reputation testimony, and (5) allowed Lilly to testify about his eligibility for
community supervision.
            In appeal number 06-03-00157-CR, the indictment was, in fact, defective. It alleged Lilly
had delivered "cocaine , in an amount of less than one ," [sic]. This is sloppy work on the part of the
State, but where actual notice exists, such an error is not fatal. The rule is that a defendant has a
constitutional right to sufficient notice so as to enable him or her to prepare a defense. However, this
due process requirement may be satisfied by means other than the language in the charging
instrument. Kellar v. State, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003). There is some indication 
counsel was aware of the charge being pursued by the State, and nothing to reflect otherwise. In
such a situation, although counsel could have successfully complained about the indictment, there
would be no point in doing so. We will not find counsel constitutionally ineffective under those
circumstances. 
            Lilly next argues trial counsel was ineffective because he filed defective defensive pleadings.
Specifically, trial counsel filed an application for community supervision in which he stated that
Lilly was charged with "the offense of Forgery Financial Instrument." Lilly was not charged with
that crime. Presumably, this is a result of an inadequate updating of a form pleading. However, the
record also shows that a correct motion for community supervision was filed two weeks later 
correctly setting out the charged offense. Thus, even though defense counsel was also guilty of
sloppy editing, the error was corrected. 
            Lilly next contends counsel was ineffective because he allowed two cases with differing
punishment ranges to be consolidated. Counsel's reasoning on appeal lies in the fact that, under Tex.
Code Crim. Proc. Ann. art. 42.12, §§ 3(e)(2), 4(d)(2), 15 (Vernon Supp. 2004), a person convicted
of a state jail felony may be able to obtain community supervision from a judge, but cannot seek it
if a jury assesses punishment. See Anderer v. State, 47 S.W.3d 60 (Tex. App.‒Houston [14th Dist.]
2001, pet. ref'd). Thus, if Lilly was found not guilty of the felony, but guilty of the state jail felony,
incarceration would be the only option when the jury assessed punishment.
            This analysis by appellate counsel is correct. However, application places trial counsel in
a conundrum with no easy answer, because if the cases had been tried separately, and if convicted
of both, Lilly would then face the unpalatable possibility of having two sentences stacked. See Tex.
Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2004); Tex. Pen. Code Ann. § 3.03 (Vernon
2003). In light of the fact that this proceeding involved a guilty plea before the jury to both charges,
we cannot agree counsel was ineffective in this respect. 
            Lilly next argues that counsel was ineffective because he did not object to extraneous
offenses  and  bad  reputation  testimony.  However,  under  Tex.  Code  Crim.  Proc.  Ann.  art.
37.07, § 3(a)(1) (Vernon Supp. 2004), such evidence is admissible during the punishment phase, and
it is not apparent that any objections would have had any positive effect. Thus, error has not been
shown in this regard. We know we must defer to counsel's decisions as far as strategic or tactical
reasons for his action or inaction. In the absence of direct evidence of counsel's reasons for the
challenged conduct, we are to assume a strategic motivation if any can be imagined. Garcia v. State,
57 S.W.3d 436, 441 (Tex. Crim. App. 2001). We will not conclude the challenged conduct
constitutes deficient performance unless the conduct was so outrageous that no competent attorney
would have engaged in it. Id.; see Thompson, 9 S.W.3d at 814. In the absence of more information
than is presently available, we cannot conclude counsel acted inappropriately by failing to object to
the reputation testimony or the testimony about bad acts of the defendant. 
            Lilly finally argues counsel was ineffective because he allowed Lilly to testify about his
eligibility for community supervision. We cannot conclude Lilly was necessarily less believable or
effective from this vantage point, without something more in the record to support that position, nor
could we conclude counsel was ineffective for failing to bring his own "good" reputation witnesses
in the absence of some showing in the record that such was available. Under the record before us,
we cannot conclude error has been shown.
            The contention of error is overruled.
 
 
 
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 5, 2003
Date Decided:             December 8, 2003

Do Not Publish