BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-02-0403-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 7, 2003


______________________________



IGNACIO LARA LUCIANO,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13258-9812; HON. JACK R. MILLER, PRESIDING


_______________________________



Before JOHNSON, C.J., QUINN, J., and BOYD, S.J. (1)


 Ignacio Lara Luciano (appellant) appeals pro se his conviction for tampering with
governmental records. The clerk's record was filed on November 18, 2002. The reporter's
record was filed on January 15, 2003. Thus, appellant's brief was due on February 14,
2003. However, one was not filed on that date. By letter dated February 24, 2003, we
notified appellant of the expired deadline and directed him to respond to our notification
of same by Thursday, March 6, 2003, or the appeal would be abated to the trial court
pursuant to Tex. R. App. P. 38.8. March 6, 2003, passed without appellant submitting any
response to our notice. 

 Consequently, we abated this appeal and remanded the cause to the 64th District
Court of Hale County (trial court) and directed that it conduct a hearing to assess, among
other things, whether the appellant desired to prosecute the appeal. At that hearing,
appellant informed the trial court that he no longer did. Furthermore, appellant's
representations were contained in a supplemental clerk's record which was filed on April
3, 2003.

 Although we have no motion to dismiss before us as required by Texas Rule of
Appellate Procedure 42.2(a), Rule 2 of the same rules permits us to suspend the operation
of an existing rule. Tex. R. App. P. 2; see Rodriguez v. State, 970 S.W.2d 133, 135 (Tex.
App.--Amarillo 1998, pet. ref'd). Therefore, pursuant to Rule 2, and because appellant
has clearly revealed his desire to forego appeal, we suspend Rule 42.2(a) and dismiss the
appeal based upon appellant's representation to the trial court.

 Having so dismissed the appeal, no motion for rehearing will be entertained, and
our mandate will issue forthwith. 

 

 Brian Quinn

 Justice

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



RICT COURT OF HARDEMAN COUNTY;

NO. 3880; HONORABLE JUANITA PAVLICK, JUDGE




_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ORDER REINSTATING APPEAL
          Appellant, Roddy Pippin, filed a notice of appeal challenging his conviction for theft
of livestock. By opinion dated January 3, 2008, this Court dismissed Appellant’s appeal
because the notice of appeal was untimely filed. On January 14, 2008, Appellant filed a
Motion to Reinstate Appeal with an exhibit establishing that the notice of appeal was timely
mailed. See Tex. R. App. P. 9.2(b)(1). After further consideration, we grant Appellant’s
Motion to Reinstate Appeal, withdraw our opinion and judgment dated January 3, 2008,
and issue the following order expressing our rationale for reinstating the appeal.
          Appellant’s sentence was imposed on November 8, 2007. No motion for new trial
was filed. Thus, the thirty day deadline in which to file the notice of appeal was December
8, 2007. Tex. R. App. P. 26.2(a)(1). Because that day fell on a Saturday, the deadline was
extended to Monday, December 10, 2007. See Tex. R. App. P. 4.1(a). Additionally, Rule
26.3 provides a fifteen-day extension in which to file a notice of appeal if a motion for
extension of time complying with Rule 10.5(b) is filed in this Court.
          The notice of appeal contained in the clerk’s record bears a file stamp date of
December 12, 2007. However, because a timely motion for extension of time was not filed
in this Court within the fifteen-day window, this Court dismissed the appeal under the
authority of Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996), and Slaton v. State,
981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). 
          By his Motion to Reinstate, Appellant explains that he complied with the appellate
mailbox rule (Tex. R. App. P. 9.2(b)). He also provides a copy of the express mail receipt
reflecting that he mailed his notice of appeal on the deadline date of December 10, 2007,
doing away with the necessity of a motion for extension of time. 
          Having now received documentation that Appellant’s notice of appeal was timely,
the appeal is reinstated. The reporter’s record is due on February 7, 2008. Appellant’s
brief is due thirty days after the reporter’s record is filed, and the State’s brief will be due
thirty days after Appellant’s brief is filed.
          It is so ordered.
                                                                           Per Curiam
Do not publish.