**Minerva RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–97–0415–CR.**

Court of Appeals of Texas,
Amarillo.

May 15, 1998.

Rehearing Overruled June 17, 1998.

Law Offices of David Martinez, David Martinez, Lubbock, for appellant.

Wilbarger County Dist. Atty., Dan Mike Bird, Vernon, for appellee.

Before BOYD, C.J., QUINN, J., and REYNOLDS, Senior Justice.*.

QUINN, Justice.

This appeal is representative of a problem repeatedly encountered. It involves the failure of one convicted of a crime to prosecute her appeal with due diligence. Often, the appellant is free on bond during the appeal. Under this situation, there is little impetus to prosecute the matter for the longer it is delayed the longer she is certain to remain free. And, though the rules of appellate procedure address some instances of delay, all instances are not expressly covered. This may be the reason why Rule 2 of the Texas Rules of Appellate Procedure was enacted, which we invoke to ameliorate an objectionable condition which has arisen at bar.

### Background

Appellant, Minerva Rodriguez, appeals from a hearing which resulted in a judgment revoking her probation. The judgment was signed by the court on November 10, 1997. Notice of appeal was timely filed. And, according to the limited record before us, appellant is currently free on bond pending disposition of her appeal.

Despite the fact that the notice of appeal was timely filed, the clerk's record was not. Assuming appellant had not moved for new trial (something which we do not know because the record is not here), the clerk's record was due on January 9, 1998. TEX. R.APP. P. 35.2(a). If such a motion were filed, then it was due on March 10, 1998. Id. at 35.2(b). As can be seen, both deadlines have passed, and the record remains outstanding.

Nevertheless, on March 11, 1998, we received a letter from the clerk of the trial court requesting an extension of time to file the missing document. The reasons given for the delay were 1) appellant's failure to either designate what she wants in the record or to pay for it and 2) the failure of appellant's retained attorney to return the clerk's calls. It should be remembered that though the duty to file the record no longer lies with the appellant, TEX.R.APP. P. 35.3(a), the appellant must pay for the preparation of same or make arrangements for its payment before the clerk's. duty accrues. Id. at 35.3(a)(2). So, the motion was granted and the pertinent deadline was extended to April 9, 1998. But, that date also came and went without our receiving the document, and the reason given us for the lapse was the same. Appellant had not paid for the record, nor had her attorney returned the clerk's calls.

Given the aforementioned circumstances, we sent appellant, via her retained attorney, a letter dated April 16, 1998. Therein, she was informed of the history of the case, the status of the record, and the defaults which had occurred to date. We also stated that:

unless arrangements [were] made within ten days of the date of this letter to pay for the record, or evidence [was] presented ... illustrating that [she was] indigent or no longer desire[d] to pursue her appeal, the court [would] submit the cause for ... review upon the record before it or dismiss the cause for want of prosecution.

That ten day period lapsed without response regarding the clerk's record and same remains outstanding.[1] Moreover, by letter dated May 11, 1998, the clerk of the trial court again informed us that appellant had yet to pay for the record and that counsel had yet to respond to her calls.

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1. Appellant did move for leave to extend the deadline for filing the *reporter's* record. But, she did nothing *vis-a-vis* the clerk's record.

## Authority

■ In addition to the powers granted by the constitution, statutes, and common law, a court has inherent authority to do that necessary to protect its jurisdiction, to further the administration of justice, and to preserve its independence and integrity. *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.Crim.App. 1991); *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979). Incremental to furthering the administration of justice is the old maxim that justice delayed equates justice denied. Yet, justice runs not only in favor of an appellant. Both the appellee and society in general also have an interest in seeing that the judgments rendered by their courts of law are enforced.

■ Similarly, the judicial system itself has an interest at stake. Delay in resolving disputes increases the burden already imposed upon a court's ever growing docket. Moreover, attention is diverted from addressing cases ripe for determination to unnecessarily shepherding those which grow stagnant because of a party's intentional or negligent delay. Thus, a court's inherent power to administer justice must necessarily include the ability to develop reasonable means to assure 1) that a cause is disposed of expeditiously and 2) that a judgment becomes final and enforceable in an expeditious manner. Of course, we recognize that the means adopted must not contravene any constitutional provision, statute, or recognized theory of common law.

■ We read Rule 2 of the rules of appellate procedure as embodying the foregoing proposition. It grants us the authority to suspend existing rules. TEX.R.APP. P. 2. In their place, we may develop others which address unforeseen situations. Of course, our power to do so is not plenary. Again, we may act only for *good cause* or to *expedite* a

decision. *Id.* And, the procedure derived must also comport, as stated above, with constitutional mandate, statute, and common law precept.

■ Given the authority of Rule 2, we suspend, for this cause alone, the operation of Rule 42.4 of the appellate rules regarding the involuntary dismissal of pending actions. In its place we substitute the procedure described in Rule 42.3. Unlike 42.4, which permits the involuntary dismissal of a criminal case when an appellant escapes from custody, 42.3 empowers a court to *sua sponte* dismiss a cause for want of jurisdiction and want of prosecution. TEX.R.APP. P. 42.3(a) & (b). So too does it permit us to dismiss because of the appellant's failure to comply with a requirement of the appellate rules, a court order, or a notice from our clerk requiring a response or other action within a specified time. *Id.* at 42.3(c). Moreover, we find good cause for doing so given 1) appellant's failure to pay for the clerk's record,[2] 2) appellant's failure to respond to this court's April 16th missive, 3) the age of the appeal, 4) appellant's continuing failure to comply with appellate Rule 35.3(2), and 5) the absence of the clerk's record due to appellant's nonfeasance. We also find weighty the likelihood that appellant is implicitly benefitting from the delay in that the more she can delay the longer she remains free on bond.

Thus, because of the age of the case, the existence of an incomplete record caused by appellant's conduct, appellant's failure to perform the steps prerequisite to obtaining a complete record, her failure to respond to this court's inquiries, and her failure to provide indication that she is indigent when given the opportunity to do so, we dismiss the cause for the reasons stated in appellate Rules 42.3(a), (b), and (c).[3]

2. Nothing in the record indicates that appellant is indigent. Indeed, not only did she retain legal counsel (which alone indicates she is not impoverished) but she also eschewed opportunity to establish her indigency, if any.

3. Interestingly, until both the clerk's and reporter's records have been filed, the duty of appellant to tender a brief does not ripen. TEX.R.APP. P. 38.6. That is, in stating that the brief is not due until 30 days "after the later of" the date the

clerk's record was filed or the date the reporter's record was filed, the rule-makers effectively declared that both would be filed before the deadline began running. Thus, appellant's failure to pay for the record has effectively built more delay into the resolution of this cause. Incidentally, because the brief has yet to be filed, appellate Rule 37.3(c) is of little use since it presupposes that a brief has been filed. That is, to the extent that the court may proceed to address the

## ON MOTION FOR REHEARING OR RE-INSTATEMENT AND TO EXTEND TIME FOR FILING CLERK'S RECORD

Following our dismissal of her appeal, Minerva Rodriguez filed her motion for rehearing and/or reinstatement of appeal and to extend time for filing of clerk's record. Our dismissal arose from appellant's failure to arrange for payment for the clerk's record. In her pending motion, appellant argues that we erred in dismissing her appeal because she is willing to pay for the record but was never contacted and told how much to pay. We deny the motion in its entirety.

In addressing this motion, a brief recapitulation of the case's history is necessary. Appellant's probation was revoked on November 10, 1997. Notice of appeal was timely filed. Depending on whether a motion for new trial was filed, which we cannot determine without the clerk's record, said record became due on either January 9, 1998, or March 10, 1998. Regardless of the deadline, the record was never filed. This court received a request for additional time to file the clerk's record from the district clerk on March 11, 1998. The basis for the request was that appellant did not file a designation of record, did not pay for the record, and did not return the clerk's telephone calls. We granted the motion and extended the deadline to April 9, 1998, to no avail.

On April 16, 1998, we demanded, by letter sent to appellant's counsel, that arrangements be made within ten days of that date for payment for the clerk's record. Appellant was specifically informed that her appeal might be dismissed for failing to make such arrangements. We received no response. By letter dated May 11, 1998, the district clerk informed us that appellant still had not paid for the record nor responded to her calls. We dismissed appellant's case on May 15, 1998.

The present motion was postmarked June 1, the last possible day for filing. *See* TEX. R.APP. P. 49.1 (requiring that the motion be filed within 15 days of the appellate court's judgment). In it, appellant denies receiving copies of the March 11 and May 11 letters from the District Clerk. She further denies having any fee for the clerk's record quoted to her or her attorney. According to appellant, the matter could easily have been handled by her attorney's staff. We agree, which brings us to the very reason her case was dismissed.

Conspicuously absent from appellant's motion for rehearing, or in the record as a whole for that matter, are claims of any attempt to arrange for payment of the clerk's record. Even now, after explicit instructions to arrange payment, a dismissal for failing to heed those instructions, and an additional thirty days thereafter, there is no indication that appellant, her attorney, or anyone on his staff has asked the clerk how much the record will cost. Instead, we are told that appellant is ready and willing to pay but the clerk just has not submitted a fee.

The duty of the clerk to file the record arises *after* the appellant pays for its preparation or makes arrangements for its payment. TEX.R.APP. P. 35.3(a)(2). There is no accompanying duty to compel payment. And, appellant's attempt to cast herself as the victim of a neglectful clerk rings hollow, given the circumstances before us.

We accordingly overrule her motion for rehearing. As our ruling on the motion for rehearing is dispositive of the motion for extension of time to file the clerk's record, we do not address it.[1]

---

appeal without a complete record under that rule, its authority is restricted to deciding "issues or points" that are not dependent upon the missing record. And, the only place "issues or points" are raised is in a brief. Thus, the existence of a brief is implicit in 37.3.

1. As to the extension requested, we note that appellant failed to indicate the length of the extension sought. Same was mandated by TEX. R.APP. P. 10.5(b)(1)(B). Thus, the motion was subject to denial on that basis alone.