BRADLEY JAMES AUSTIN V. STATE OF TEXAS

 NO. 07-00-0440-CR  

 

IN THE COURT OF APPEALS  

 

 FOR THE SEVENTH DISTRICT OF TEXAS  

 

AT AMARILLO  

 

PANEL B  

 

 DECEMBER 28, 2000

 

 ______________________________  

 

 

 BRADLEY JAMES AUSTIN,  

Appellant

 

 V.  

 

THE STATE OF TEXAS, 

Appellee

 

 _________________________________  

 

 FROM THE 208TH DISTRICT COURT OF HARRIS COUNTY;  

 

 NO. 785429; HONORABLE DENISE COLLINS, JUDGE   

_______________________________  

 

Before BOYD, C.J., and QUINN, and JOHNSON, JJ. 

Bradley James Austin (appellant) pled guilty to the offense of possession with intent to manufacture or deliver a controlled substance, namely morphine.  Pursuant to a plea agreement, the trial court found appellant guilty, sentenced him to six years in prison, suspended the sentence, and placed him on probation.  Subsequently, appellant’s probation was revoked and the trial court reduced his sentence to three years in prison.  Appellant filed a 
pro se 
notice of appeal.    

Upon receiving notice from appellant’s trial counsel that he was not representing appellant on appeal, we, by opinion dated October 30, 2000, abated and remanded the cause to determine whether appellant still wished to prosecute his appeal. At the subsequent hearing, appellant informed the trial court several times that he no longer wished to prosecute his appeal.  Appellant’s representations were contained in a supplemental reporter's record which was filed on December 15, 2000.

Although we have no motion to dismiss before us as required by Texas Rule of Appellate Procedure 42.2(a), Rule 2 of the same rules permits us to suspend the operation of an existing rule.  
Tex. R. App. P
.
 2;
 see Rodriguez v. State
, 970 S.W.2d 133, 135 (Tex.App.--Amarillo 1998, pet. ref'd).  Therefore, pursuant to Rule 2, and because appellant has clearly revealed his desire to forego appeal, we suspend Rule 42.2(a) and dismiss the appeal. 

Having dismissed the appeal based on the appellant’s representations to the trial court, no motion for rehearing will be entertained and our mandate will issue forthwith.   In regard to appellate counsel’s motion to be removed as counsel for this appeal, we determine that the issue is moot in light of our disposition of the appeal.

Brian Quinn

  Justice

Do not publish.