NO. 07-01-0141-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 16,  2001

______________________________

MICHAEL WAYNE ETHRIDGE,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 185
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 781647; HON. SUSAN BROWN, PRESIDING

_______________________________

 
DISMISSAL 

_______________________________
 

Before BOYD, C.J., and QUINN and JOHNSON, JJ. 

Appellant, Michael Wayne Ethridge, appeals from a judgment revoking his community supervision, adjudicating his guilt, and sentencing him to prison for ten months.  Sentence was pronounced in open court on January 18, 2001.  Because a reporter’s record had not been timely filed, we remanded the cause to the trial court and instructed the latter to determine, among other things, whether appellant desired to prosecute the appeal.  

 On remand, the trial court conducted a hearing per our directive.  At same, the trial court asked appellant whether he “want[ed] to go forward with the appeal or not.”  Appellant responded: “I guess not, ma’am ...  as ... I only have like, 74 days left [to serve]. So, no.”  

Although we have no motion to dismiss before us as required by Texas Rule of Appellate Procedure 42.2(a), Rule 2 of the same rules permits us to suspend the operation of an existing rule.  
Tex. R. App. P
.
 2;
 see Rodriguez v. State
, 970 S.W.2d 133, 135 (Tex.App.--Amarillo 1998, pet. ref'd).  Therefore, pursuant to Rule 2, and because appellant has clearly revealed his desire to forego furthering proceedings here, we reinstate the cause, suspend Rule 42.2(a), and dismiss the appeal. 

Having dismissed the appeal based on the appellant’s representations to the trial court, no motion for rehearing will be entertained and our mandate will issue forthwith.

Brian Quinn

  Justice

Do not publish.