NO. 07-00-0311-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 7, 2001

______________________________

JORGE ANTONIO GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;

NO. 829,236; HONORABLE WILLIAM M. HATTEN, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

DISMISSAL

Pending before this Court is appellant’s 
pro se
 request to dismiss his appeal.  Rule 42.2(a) of the Texas Rules of Appellate Procedure provides that an appeal may be dismissed if appellant withdraws his notice of appeal by his signed motion accompanied by the signature of his attorney.  However, Rule 2 of the Texas Rules of Appellate Procedure grants us the authority to suspend the operation of an existing rule and in its place order a different procedure which addresses unforeseen circumstances.  
See 
Rodriguez v. State, 970 S.W.2d 133, 135 (Tex.App.--Amarillo 1998, pet. ref’d).  An accused has the ultimate authority to make certain fundamental decisions regarding his case, including whether to prosecute an appeal.  
See
 Conners v. State, 966 S.W.2d 108 (Tex.App.--Houston [1
st
 Dist.] 1998, pet. ref’d), citing Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).  Thus, we suspend the operation of Rule 42.2(a) in this case and dismiss the appeal based upon appellant’s clear intent not to pursue his appeal.  No decision of this Court having been delivered, we dismiss the appeal and no motion for rehearing will be entertained and our mandate will issue forthwith.

Accordingly, the appeal is dismissed.

Don H. Reavis

    Justice

Do not publish.