TROY LEE HARMS V STATE OF TEXAS



 NO. 07-02-0089-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 10, 2002


______________________________



RODRIGO RODRIGUEZ,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 94,2210-E; HON. GENE L. DULANEY, PRESIDING


_______________________________



DISMISSAL


_______________________________



Before QUINN, REAVIS, and JOHNSON, JJ.

 Appellant, Rodrigo Rodriguez, appeals from a judgment revoking his community
supervision. Sentence was pronounced in open court on November 12, 2001. Thus, the
appellate record was due by March 19, 2002. Tex. R. App. P. 35.2(a). Neither the clerk's
record nor the reporter's record has been received. Furthermore, according to the
reporter, the record has not been developed because: 1) he has not received a request
from the appellant to develop the record; 2) he has not received payment; 3) appellant has
not made arrangements to pay for same; and, 4) he did not receive a copy of the notice
of appeal.

 Accordingly, the case was abated and remanded to the 106th District Court of Lynn
County (trial court) to determine if 1) appellant desired to prosecute the appeal; 2)
appellant was indigent; 3) counsel had been appointed to prosecute this appeal; 4) 
appellant was entitled to appointed counsel; and 5) appellant was entitled to the
preparation of a free appellate record. 

 The trial court conducted the hearing and the supplemental clerk's record was filed
on May 23, 2002. Thereafter, it found that appellant 1) wished to prosecute the appeal,
2) was not indigent, 3) was not entitled to appointed counsel, and 4) was able to pay for
the appellate record. So too did it find that the court reporter had not received a request
for the transcription of the record from appellant. Nor had the court clerk received a
designation of record on appeal from him.

 Thereafter, the cause was reinstated. Notice was then sent, on June 19, 2002, to
appellant and appellant's counsel directing appellant "to provide written proof that the
records have been requested and arrangements for payment have been made for same
pursuant to Tex. R. App. P. 35.3" and that such proof be received by the Court by July 8,
2002 or the cause would be dismissed per Rodriguez v. State, 970 S.W. 2d 133 (Tex. App.
-- Amarillo 1998, pet. ref'd). The deadline lapsed without appellant providing such notice. 
Instead, his counsel moved to withdraw, contending that appellant "had not maintained
contact with the undersigned, paid attorney's fees as agreed, or provided Attorney . . . with
the funds necessary for the preparation of the appellate record . . . ." 

 Accordingly, the appeal is dismissed for want of prosecution as per Rodriguez v.
State, supra, and the motion of counsel to withdraw is granted.


 Per Curiam 

 Do not publish. 



oc 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-09-0221-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                           FEBRUARY
16, 2011

 

                                            ______________________________

 

 

KALMINE SHANELL MENSON,

 

                                                                                                                        Appellant

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                                        Appellee

                                           _______________________________

 

                      FROM THE 47TH DISTRICT
COURT OF RANDALL COUNTY;

 

                                    NO.
19,085-A; HON. HAL MINER, PRESIDING

                                           _______________________________

 

Memorandum
Opinion

_______________________________

 

Before
QUINN, C.J., PIRTLE, J., and BOYD, S.J.[1] 

            Kalmine Shanell Menson (appellant)
appeals the punishment portion of his conviction for aggravated assault.  Through one issue, appellant contends that the
evidence is legally insufficient to support the enhancement paragraph.  We affirm.

            Appellant was charged with
aggravated assault, enhanced.  He pled
guilty and was placed on six years deferred adjudication probation.  Subsequently, the State filed a motion to
adjudicate appellants guilt.  At the
hearing, appellant entered pleas of not true to the allegations contained in
the motion.  Evidence was presented by both
the State and appellant after which the trial court adjudicated appellant
guilty.  Appellant appeals this
determination.  

Initially, appellants counsel filed an Anders brief, along with a motion to withdraw.  This court, in an opinion dated February 18,
2010, granted the motion to withdraw and abated the cause back to the trial
court for appointment of new counsel. 
New counsel was directed to file a brief wherein the following areas of
concern were to be addressed: (1) did the trial court err by not taking
a plea to the enhancement allegation;
(2) did the trial court err by not making a finding of
true to the enhancement allegation; (3) was any implied finding of true to the
enhancement allegation supported by legally and factually sufficient evidence;
and (4) was the error, if any, harmless? 
New counsel filed a brief addressing these areas.  Furthermore, counsel pointed out that this
court did not have the benefit of the record of the original plea hearing.  According to that record, the trial court
admonished appellant as follows:  [Appelllant], you are charged by an
information . . . what would normally be a second-degree felony of aggravated
assault with a deadly weapon, but . . . in the information theres an
allegation of a previous conviction in Tarrant County, Texas, that enhances the
punishment making it a first-degree felony. 
Do you understand the charge? 
Appellant stated that he did.  The
court further admonished appellant about the range of punishment for both a
second degree felony and a first degree. 
Next, the trial court asked appellant how he was pleading to the
information and appellant pled guilty. 
Furthermore, the clerks record contained a judicial confession wherein
appellant confessed to the charge contained in the information and the
enhancement.  Moreover, the trial court
reviewed the judicial confession with appellant and questioned him as to his
understanding of the confession and that he was admitting to everything
contained in the information.  Specifically,
the court asked appellant if he had read the enhancement paragraph wherein it
says that in 1998, you were convicted in Tarrant County, Texas, in the district
court there of aggravated robbery, and appellant answered in the affirmative
and then pled true to the enhancement.  

Appellant, in his brief, admits that all
potential areas raised by this court have been addressed except for the fact
that appellants prior conviction was as a juvenile and as such is barred from
use as an enhancement.  This is so
according to appellant because juvenile convictions committed prior to 1996 are
statutorily barred from such use.  And,
even though the enhancement paragraph stated the conviction occurred in 1998,
nothing of record shows that the offense had not been committed in 1996.  Therefore, the State failed to prove this
element.  

However, appellant pled true to the
enhancement paragraph.  Appellants plea
of true to the enhancement paragraph is alone sufficient to show that he had a
prior felony conviction.  See Dinn v. State,
570 S.W.2d 910, 915 (Tex. Crim. App. 1978); Hall
v. State, 137 S.W.3d 847, 856 (Tex. App.Houston [1st
Dist.] 2004, pet. refd).  Therefore, we conclude that appellant's plea
of true precludes his complaint about the insufficiency of the evidence to
establish his enhancement paragraph.  See Dinn v. State,
570 S.W.2d at 915; Hall
v. State, 137 S.W.3d at 856.

Accordingly, we affirm the judgment of the
trial court.

 

                                                                         Per Curiam

 

Do not
publish.

 











[1]Senior Justice John
T. Boyd, retired, sitting by assignment.