NO. 07-02-0089-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 10, 2002
_____

RODRIGO RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 94,2210-E; HON. GENE L. DULANEY, PRESIDING
_____

***DISMISSAL***
_____

Before QUINN, REAVIS, and JOHNSON, JJ.

Appellant, Rodrigo Rodriguez, appeals from a judgment revoking his community supervision. Sentence was pronounced in open court on November 12, 2001. Thus, the appellate record was due by March 19, 2002. TEX. R. APP. P. 35.2(a). Neither the clerk's record nor the reporter's record has been received. Furthermore, according to the reporter, the record has not been developed because: 1) he has not received a request from the appellant to develop the record; 2) he has not received payment; 3) appellant has

not made arrangements to pay for same; and, 4) he did not receive a copy of the notice of appeal.

Accordingly, the case was abated and remanded to the 106th District Court of Lynn County (trial court) to determine if 1) appellant desired to prosecute the appeal; 2) appellant was indigent; 3) counsel had been appointed to prosecute this appeal; 4) appellant was entitled to appointed counsel; and 5) appellant was entitled to the preparation of a free appellate record.

The trial court conducted the hearing and the supplemental clerk's record was filed on May 23, 2002. Thereafter, it found that appellant 1) wished to prosecute the appeal, 2) was not indigent, 3) was not entitled to appointed counsel, and 4) was able to pay for the appellate record. So too did it find that the court reporter had not received a request for the transcription of the record from appellant. Nor had the court clerk received a designation of record on appeal from him.

Thereafter, the cause was reinstated. Notice was then sent, on June 19, 2002, to appellant and appellant's counsel directing appellant "to provide written proof that the records have been requested and arrangements for payment have been made for same pursuant to Tex. R. App. P. 35.3" and that such proof be received by the Court by July 8, 2002 or the cause would be dismissed per *Rodriguez v. State*, 970 S.W. 2d 133 (Tex. App. -- Amarillo 1998, pet. ref'd). The deadline lapsed without appellant providing such notice. Instead, his counsel moved to withdraw, contending that appellant "had not maintained contact with the undersigned, paid attorney's fees as agreed, or provided Attorney . . . with the funds necessary for the preparation of the appellate record . . . ."

2

Accordingly, the appeal is dismissed for want of prosecution as per *Rodriguez v. State, supra*, and the motion of counsel to withdraw is granted.

Per Curiam

Do not publish.