NO. 07-02-0464-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 10, 2003

_____

PATRICIA LYNN KYLES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 86473; HON. CHARLES D. CARVER, PRESIDING

_____

Before QUINN and CAMPBELL, JJ. and BOYD, S.J.[*]

Patricia Lynn Kyles (appellant) appeals her conviction for misdemeanor theft. The clerk's record was filed on October 15, 2002. The reporter's record was filed on December 12, 2002. Thus, appellant's brief was due on January 13, 2003. However, one was not filed on that date. By letter dated January 21, 2003, we notified appellant's counsel, Norman Desmarais, of the expired deadline and directed him to respond to our notification of same by Friday, January 31, 2003, or the appeal would be abated to the trial court

---

[*] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

pursuant to TEX. R. APP. P. 38.8.   January 31, 2003, passed without appellant submitting any response to our notice.

Consequently, we abated this appeal and remanded the cause to the Criminal District Court of Jefferson County (trial court) and directed that it conduct a hearing to assess, among other things, whether the appellant desired to prosecute the appeal.  At that hearing, appellant informed the trial court that she no longer did.  Furthermore, appellant's representations were contained in a supplemental clerk's record which was filed on March 5, 2003.

Although we have no motion to dismiss before us as required by Texas Rule of Appellate Procedure 42.2(a), Rule 2 of the same rules permits us to suspend the operation of an existing rule.  TEX. R. APP. P. 2; *see Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref'd).  Therefore, pursuant to Rule 2, and because appellant has clearly revealed her desire to forego appeal, we suspend Rule 42.2(a) and dismiss the appeal based upon appellant's representation to the trial court.

Having so dismissed the appeal, no motion for rehearing will be entertained, and our mandate will issue forthwith.


Brian Quinn
Justice


Do not publish.