BRIAN MILLSAP V. SHOW TRUCKS USA, INC.

NO. 07-02-0403-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 7, 2003

______________________________

IGNACIO LARA LUCIANO,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A13258-9812; HON. JACK R. MILLER, PRESIDING

_______________________________

Before JOHNSON, C.J., QUINN, J., and BOYD, S.J.
(footnote: 1)

Ignacio Lara Luciano (appellant) appeals pro se his conviction for tampering with governmental records.  The clerk’s record was filed on November 18, 2002.  The reporter’s record was filed on January 15, 2003.  Thus, appellant’s brief was due on February 14, 2003.  However, one was not filed on that date.  By letter dated February 24, 2003, we notified appellant of the expired deadline and directed him to respond to our notification of same by Thursday, March 6, 2003, or the appeal would be abated to the trial court pursuant to T
ex. R. App. P. 
38.8.   March 6, 2003, passed without appellant submitting any response to our notice. 

Consequently, we abated this appeal and remanded the cause to the 64th District Court of Hale County (trial court) and directed that it conduct a hearing to assess, among other things, whether the appellant desired to prosecute the appeal.  At that hearing, appellant informed the trial court that he no longer did.  Furthermore, appellant’s representations were contained in a supplemental clerk’s record which was filed on April 3, 2003.

Although we have no motion to dismiss before us as required by Texas Rule of Appellate Procedure 42.2(a), Rule 2 of the same rules permits us to suspend the operation of an existing rule.  
Tex. R. App. P. 2
; 
see Rodriguez v. State
, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref’d).  Therefore, pursuant to Rule 2, and because appellant has clearly revealed his desire to forego appeal, we suspend Rule 42.2(a) and dismiss the appeal based upon appellant’s representation to the trial court.

Having so dismissed the appeal, no motion for rehearing will be entertained, and our mandate will issue forthwith. 

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2003).