NO. 07-03-0013-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 1, 2003

_____

OSCAR BALDERAS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A13518-9909; HON. JACK R. MILLER, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Oscar Balderas (appellant) filed a hand written document which we construed to be a notice of appeal from his confinement in a restitution center as a condition of his probation. The clerk's record was filed on January 30, 2003. The reporter's record was filed on March 7, 2003. Thus, appellant's brief was due on April 7, 2003. However, one was not filed on that date. By letter dated April 16, 2003, we notified appellant of the expired deadline and directed him to respond to our notification of same by April 28, 2003,

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

or the appeal would be abated to the trial court pursuant to TEX. R. APP. P. 38.8. April 28, 2003, passed without appellant submitting any response to our notice.

Consequently, we abated this appeal and remanded the cause to the 64th District Court of Hale County (trial court) and directed that it conduct a hearing to assess, among other things, whether appellant desired to prosecute the appeal. At that hearing, appellant informed the trial court that he no longer did. Furthermore, appellant's representations were contained in a supplemental clerk's record which was filed on June 24, 2003.

Although we have no motion to dismiss before us as required by Texas Rule of Appellate Procedure 42.2(a), Rule 2 of the same rules permits us to suspend the operation of an existing rule. TEX. R. APP. P. 2; *see Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex. App.--Amarillo 1998, pet. ref'd). Therefore, pursuant to Rule 2, and because appellant has clearly revealed his desire to forego appeal, we suspend Rule 42.2(a) and dismiss the appeal based upon appellant's representation to the trial court.

Having so dismissed the appeal, no motion for rehearing will be entertained, and our mandate will issue forthwith.[2]

> Brian Quinn
> Justice

Do not publish.

---

[2]On June 2, 2003, the State filed a motion to dismiss appellant's appeal based on missed deadlines and the lack of this court's jurisdiction over the appeal. Based on the disposition of the appeal, the State's motion is now moot.