NO. 07-03-0320-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 24, 2003


______________________________



JOHN FOLMER
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 02-2605; HON. CARTER T. SCHILDKNECHT, PRESIDING


_______________________________



 Order of Dismissal


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Pending before the court is the appeal of John Folmer (appellant). We abated the
matter to the trial court on September 19, 2003, because the court reporter represented
that appellant had failed to pay, or make arrangements to pay for, the record. At the
hearing convened by the trial court per our directive, appellant informed it that he no
longer cared to prosecute his appeal. This representation then was memorialized by the
trial court in findings of fact and conclusions of law filed with us on November 24, 2003. 

 Although we have no formal motion to dismiss before us as required by Texas Rule
of Appellate Procedure 42.2(a), Rule 2 of the same rules permits us to suspend the
operation of an existing rule. Tex. R. App. P. 2; see Rodriguez v. State, 970 S.W.2d 133,
135 (Tex. App.--Amarillo 1998, pet. ref'd). Therefore, pursuant to Rule 2, and because
appellant has clearly revealed his desire to forego appeal, we suspend Rule 42.2(a) and
dismiss the appeal based upon appellant's representation to the trial court.

 Having so dismissed the appeal, no motion for rehearing will be entertained, and
our mandate will issue forthwith.

 

 Brian Quinn 

 Justice


 

Do not publish.



2"> whether appellant has counsel or is entitled to appointed counsel.


 The trial court shall cause the hearing to be transcribed. If it is determined that
appellant desires to prosecute the appeal and is entitled to appointed counsel, then the trial
court is further directed to appoint counsel for appellant. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues and disclosing the name,
address, state bar number, and phone and fax number of any attorney appointed to
represent appellant on appeal, 2) cause to be developed a supplemental clerk's record 
containing its findings of fact and conclusions of law and all orders it may issue as a result
of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing
the evidence and arguments presented at the aforementioned hearing, if any. Additionally,
the district court shall then file the supplemental records and reporter's records transcribing
the hearing with the clerk of this court on or before February 20, 2007. Should further time
be needed by the trial court to perform these tasks, then same must be requested before
February 20, 2007.

 It is so ordered.

 Per Curiam

Do not publish.