BRIAN MILLSAP V. SHOW TRUCKS USA, INC.

NO. 07-05-0374-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 6, 2005

______________________________

JOSE MARTINEZ RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 95-419,903; HON. CECIL PURYEAR, PRESIDING

_______________________________

ABATEMENT AND REMAND

__________________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Jose Martinez Rodriguez (appellant)
 appeals his conviction for delivery of marijuana.  
The clerk’s record was filed on November 9, 2005.  The court reporter requested an extension of time to file the reporter’s record because appellant had yet to make arrangements for its payment.  The motion was granted, and the deadline was extended  to December 19, 2005.  On November 17, 2005, we also directed appellant’s counsel to certify to the clerk of this court whether appellant had complied with Texas Rules of Appellate Procedure 34.6(b)(1) and 35.3(b)(3).  The certification was due by November 28, 2005.  To date, no response has been received.

Consequently, we abate the appeal and remand the cause to the 137th District Court of Lubbock County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant desires to prosecute the appeal; and

 

2.   whether appellant is indigent and entitled to a free record.

If appellant is found to be neither indigent nor entitled to a free record, his continued failure to arrange for payment of the reporter’s record will result in his appeal being dismissed for want of prosecution.  
See Rodriguez v. State
, 970 S.W.2d 133, 135 (Tex. App.
–
Amarillo 1998, pet. ref'd).  We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and 2) a reporter’s record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before January 5, 2005.  Should additional time be needed to perform these tasks, the trial court may request same on or before January 6, 2005.  Finally, the deadline by which the reporter’s record is due is extended to January 5, 2005.

It is so ordered.

Per Curiam

Do not publish.