NO. 07-05-0374-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 10, 2006


______________________________



JOSE MARTINEZ RODRIGUEZ,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 95-419,903; HON. CECIL PURYEAR, PRESIDING


_______________________________



Order of Dismissal


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Jose Martinez Rodriguez (appellant) appealed from his conviction for delivery of
marijuana. Because the court reporter had not filed a record, we abated and remanded
the cause to the 137th District Court of Lubbock County (trial court). The latter convened
a hearing attended by appellant and his counsel. At the proceeding, appellant informed
the trial court that he no longer cared to prosecute the appeal. The trial court found this
decision to be knowing and voluntary. Furthermore, it along with appellant's
representations were memorialized in a supplemental clerk's record filed with this court.

 Although we have no motion to dismiss before us as required by Texas Rule of
Appellate Procedure 42.2(a), Rule 2 of the same rules permits us to suspend the operation
of an existing rule. Tex. R. App. P. 2; see Rodriguez v. State, 970 S.W.2d 133, 135 (Tex.
App.-Amarillo 1998, pet. ref'd). Therefore, pursuant to Rule 2, and because appellant has
clearly revealed his desire to forego appeal, we suspend Rule 42.2(a) and dismiss the
appeal based upon appellant's representation to the trial court.

 Having so dismissed the appeal, no motion for rehearing will be entertained, and our
mandate will issue forthwith.


 Brian Quinn 

 Chief Justice


 

Do not publish.



me="heading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00015-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MARCH
22, 2011

 



 

GEORGE D. BRADLEY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 57,171-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER OF
ABATEMENT AND REMAND

On January
19, 2011, appellant, George D. Bradley, filed a notice of appeal from a
judgment entered by the 108th District Court of Potter County,
Texas, in cause number 57,171-E.  In this
notice, appellant expressly indicates that he chooses to exercise his right to
self[-]representation, but also states that he is
indigent.  Appellant did not, however,
include an affidavit of indigency with his notice of
appeal.  Taking the notice of appeal as a
whole, we construe it to include a request that the appellate record be
furnished to appellant without charge.  

On
February 15, 2011, the trial court clerk filed a motion for extension of time
to file the clerks record because appellant had not paid or made arrangements
to pay for the record.  This Court
granted this request for extension and sent correspondence to appellant
informing him that he needed to make payment or arrangements for preparation of
the clerks record.  This letter directed
appellant to ensure that the clerks record was filed or to file a
certification that payment or arrangements for payment had been made by March
14, or the appeal may be dismissed for want of prosecution.  See Tex.
R. App. P. 37.3(b).  On March 2, this Court sent notice to the
official court reporter informing her that the reporters record had been due
on February 22, and directing her to provide a status update on the preparation
of the reporters record on or before March 14. 
On March 16, the trial court clerk filed a second request for extension
again identifying that appellant has neither paid for nor made arrangements to
pay for preparation of the clerks record.

Because
we have construed appellants notice of appeal to request that the appellate
record be furnished to him without cost, we now abate and remand this cause. 

Upon
remand, the judge of the trial court is directed to immediately cause notice to
be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to
prosecute this appeal, whether appellant is indigent; (3) if appellant
is indigent, whether appellant desires to be appointed representation on
appeal.  If the trial court determines
that appellant is indigent, we further direct the trial court to order the
clerk and reporter to prepare the record and to provide the same to appellant
or appellants counsel.  Finally, if the
trial court determines that counsel should be appointed to represent appellant
on appeal, the court should cause the Clerk of this Court to be furnished the
name, address, and State Bar of Texas identification number of the
newly-appointed attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
In the absence of a request for extension of time from the trial court,
the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than April 20, 2011. 

 

Per Curiam

Do not publish.