NO. 07-08-0054-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 23, 2008


 ______________________________



DANTA JOHNSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 54,914-D; HONORABLE DON R. EMERSON, JUDGE


_______________________________




Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ORDER OF DISMISSAL


 Appellant, Danta Johnson, appeals his conviction for injury to a child causing bodily
injury and sentence of three years incarceration in the Institutional Division of the Texas
Department of Criminal Justice. We abated the appeal and remanded to the trial court, on
May 16, 2008, to conduct a hearing to determine, inter alia, whether appellant desires to
prosecute the appeal. At the hearing convened by the trial court per our directive,
appellant stated, "I would rather not appeal this case. I would rather go back to TDC and
finish my sentence." This representation was then memorialized by the trial court in
findings of fact and conclusions of law filed with this Court on July 10, 2008.

 Although we have received no formal motion to dismiss from appellant, as required
by Texas Rule of Appellate Procedure 42.2(a), Rule 2 of the same rules permits us to
suspend the operation of an existing rule. Tex. R. App. P. 2. See Rodriguez v. State, 970
S.W.2d 133, 135 (Tex.App.-Amarillo 1998, pet. ref'd). Therefore, pursuant to Rule 2 and
because appellant has clearly revealed his desire to forego appeal, we suspend Rule
42.2(a) and dismiss the appeal based upon appellant's representation to the trial court.

 Having so dismissed the appeal, no motion for rehearing will be entertained and our
mandate will issue forthwith.


 Mackey K. Hancock

 Justice



Do not publish. 




authority to issue writs of mandamus in such matters. See id.; Tex. Crim. Proc. Code Ann.
art. 11.07, § 3 (Vernon Supp. 2008). Accordingly, Cooper's petition for writ of mandamus
is dismissed for want of jurisdiction.
 


Mackey K. Hancock

Justice