NO. 07-08-0363-CR
NO. 07-08-0364-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 8, 2008
_____

DONALD ELIJAH MATTHEWS, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47th DISTRICT COURT OF POTTER COUNTY;

NOS. 57, 858-A and 57, 859-A; HON. HAL MINER, PRESIDING
_____

*Abatement and Remand*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Donald Elijah Matthews, Jr. appeals his convictions for assault and violation of a protective order. The clerk has filed extensions of time to file the clerk's records, which extensions were granted to December 17, 2008. The reporter's record was due on November 17, 2008. On December 1, 2008, the Court notified the reporter by letter that the record was overdue, and in response, the reporter stated that appellant neither submitted a request for preparation of the record nor made arrangements to pay for it.

Accordingly, we abate this appeal and remand the cause to the 47th District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeals;

2.  whether appellant is indigent;

3.  whether the appellant is entitled to free appellate records due to his indigency;

4.  when the reporter's record can reasonably be filed (given the length of trial and size of the record) in a manner that does not unduly delay the prosecution of this appeal.

The trial court shall 1) execute findings of fact and conclusions of law addressing the foregoing issues, and 2) cause to be developed supplemental clerk's records containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter. Additionally, the district court shall then cause the supplemental records to be filed with the clerk of this court on or before January 7, 2009. Should further time be needed by the trial court to perform these tasks, then same must be requested before January 7, 2009. Finally, appellant is informed that if he is not indigent and fails to make arrangements or pay for the reporter's record, the appeal will be dismissed. *Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex.App.–Amarillo 1998, pet. ref'd).

It is so ordered.

Per Curiam

Do not publish.