NO. 07-08-0363-CR
NO. 07-08-0364-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 8, 2008
______________________________

DONALD ELIJAH MATTHEWS, JR.,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 47th DISTRICT COURT OF POTTER COUNTY;

NOS. 57, 858-A and 57, 859-A; HON. HAL MINER, PRESIDING
_______________________________
Â 
Abatement and Remand
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Â Â Â Â Â Â Â Â Â Â Donald Elijah Matthews, Jr. appeals his convictions for assault and violation of a
protective order. The clerk has filed extensions of time to file the clerkâs records, which
extensions were granted to December 17, 2008. The reporterâs record was due on
November 17, 2008. On December 1, 2008, the Court notified the reporter by letter that
the record was overdue, and in response, the reporter stated that appellant neither
submitted a request for preparation of the record nor made arrangements to pay for it. 
Â Â Â Â Â Â Â Â Â Â Accordingly, we abate this appeal and remand the cause to the 47th District Court
of Potter County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:
Â Â Â Â Â Â Â Â Â Â 1. whether appellant desires to prosecute the appeals; 
 2. whether appellant is indigent;
Â Â Â Â Â Â Â Â Â Â 3. whether the appellant is entitled to free appellate records due to his
indigency; 
Â 4. when the reporterâs record can reasonably be filed (given the length of
trial and size of the record) in a manner that does not unduly delay the
prosecution of this appeal.
Â 

Â Â Â Â Â Â Â Â Â Â The trial court shall 1) execute findings of fact and conclusions of law addressing
the foregoing issues, and 2) cause to be developed supplemental clerkâs records
containing its findings of fact and conclusions of law and all orders it may issue as a result
of its hearing in this matter. Additionally, the district court shall then cause the
supplemental records to be filed with the clerk of this court on or before January 7, 2009. 
 Should further time be needed by the trial court to perform these tasks, then same must
be requested before January 7, 2009. Finally, appellant is informed that if he is not
indigent and fails to make arrangements or pay for the reporterâs record, the appeal will be
dismissed. Rodriguez v. State, 970 S.W.2d 133, 135 (Tex.App.âAmarillo 1998, pet. refâd).
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Intense Quote"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00337-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL E

Â 



JULY
29, 2011

Â 



Â 

REY MARTINEZ, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 108TH DISTRICT COURT OF
POTTER COUNTY;

Â 

NO. 60,684-E; HONORABLE DOUGLAS WOODBURN, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK , JJ., and BOYD, S.J.[1]

Â 

Â 

MEMORANDUM OPINION

Â 

A jury convicted appellant Rey
Martinez of the offense of theft of property under $1,500, third offense.[2]Â  Appellant then plead true to two prior state
jail felony convictions and the jury assessed punishment at ten yearsÂ
confinement in prison and a fine of $10,000.[3]Â  Through two issues on appeal, appellant
challenged the sufficiency of the evidence supporting an elemental enhancement
paragraph and the portion of the judgment ordering his repayment of
court-appointed attorneyÂs fees.Â  Finding
appellant voluntarily withdrew his sufficiency of the evidence issue and the
judgment erroneously requires appellant repay court-appointed attorneyÂs fees,
we will modify the judgment and affirm it as modified.

Analysis 

Â Â Â Â Â Â Â Â Â Â Â  Because
of the narrow issues on appeal, we will discuss only so much of the factual
background as necessary for our disposition.Â 


First Issue: Sufficiency of Evidence
of Prior Theft Convictions

A person commits the offense of theft
if he unlawfully appropriates property with the intent to deprive the owner of
property.Â  Tex. Penal
Code Ann. Â§ 31.03(a) (West 2011).Â 
A person commits the offense of theft--third offense if the value of the
property stolen is less than $1,500 and the defendant has two or more prior
final convictions for any grade of theft.Â 
Tex. Penal Code Ann. Â§ 31.03(e)(4)(D) (West
2011).Â  Thus, proof of the offense
requires sufficient evidence that appellant unlawfully appropriated property
with intent to deprive the owner of the property; the value of the property
stolen was less than $1,500; and appellant was previously convicted two or more
times of any grade of theft.Â  Lockett v. State, No.
01-03-0851-CR, 2004 Tex. App. Lexis 8782, at *4-*5 (Tex.App.--Houston
[1st Dist.] Sept. 30, 2004, pet. refused) (mem. op., not designated
for publication).Â  

In his brief, appellant argued the
State offered insufficient evidence of one of the two required prior theft
convictions because the reporterÂs record omitted the judgment.Â  According to the trial record, at the
beginning of the StateÂs case-in-chief two judgments showing appellantÂs prior
convictions for theft were admitted in evidence.Â  After appellant filed his brief, a
supplemental reporterÂs record containing the omitted judgment was filed.Â  With leave of court, appellant then filed a
supplemental brief.Â  Therein he stated
his first issue was Âmade moot by the sworn supplement to the record filed by
the trial court reporter.ÂÂ  He presents
no further argument of the issue and his prayer asks only for reformation of
the judgment.Â  We conclude appellant has
voluntarily withdrawn his first issue.Â  

Second Issue: Assessment of
Court-Appointed AttorneyÂs Fees

In his second issue, appellant
asserts the trial court abused its discretion by ordering appellant to repay
court-appointed attorneyÂs fees.Â  He asks
us to reform the judgment to delete the assessment of attorneyÂs fees.Â  According to the clerkÂs record, trial
counsel was appointed for appellant on the basis of indigence.Â  A post-trial order appointed appellate
counsel for appellant, also on the ground of indigence.Â  The judgment, among other things, orders
appellant to pay court costs.Â  As for the
amount of court costs, the judgment provides Âsee attached.ÂÂ  Immediately following the judgment in the
clerkÂs record appears a bill of costs issued two days after imposition of
sentence.Â  Among the items listed on the
bill of costs is ÂAttorney Fees (Court Appointed) $4,500.Â

A trial court has authority to order
reimbursement of the fees of court-appointed counsel if the court determines
that a defendant has financial resources that enable him to offset, in part or
in whole, the costs of the legal services provided.Â  Tex. Code Crim. Proc. Ann.
art. 26.05(g) (West Supp. 2010); Mayer
v. State, 274 S.W.3d 898, 901 (Tex.App.--Amarillo
2008), aff'd, 309 S.W.3d 552 (Tex.Crim.App.
2010).Â  But Â[a] defendant who is
determined by the court to be indigent is presumed to remain indigent for the
remainder of the proceedings in the case unless a material change in the
defendantÂs financial circumstances occurs.ÂÂ 
Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010).Â 
Â[T]he defendantÂs financial resources and ability to pay are explicit
critical elements in the trial courtÂs determination of the propriety of
ordering reimbursement of costs and fees.ÂÂ 
Mayer, 309
S.W.3d at 556.Â  Accordingly, the
record must supply a factual basis supporting a determination the defendant is
capable of repaying the attorney's fees levied.Â 
Barrera v.
State, 291 S.W.3d 515, 518 (Tex.App.--Amarillo
2009, no pet.) (per curiam).

Here, the record does not show the
trial court reconsidered its determination of indigency,
the occurrence of a material change in appellantÂs financial circumstances, or
his ability to offset the cost of legal services provided.Â  Tex. Code Crim. Proc. Ann.
art. 26.04(p) and art. 26.05(g)
(West Supp. 2010).Â  We agree with
appellant, and the State concedes, there is no evidence appellant is able to
repay the $4,500 attorneyÂs fee assessment.Â 
AppellantÂs second issue is sustained. 

Conclusion

We modify the judgment of the trial
court as follows.Â  At page 2, beneath the
heading ÂFurthermore, the following special findings or orders apply:Â
there is added, ÂAs used in this judgment, the term Âcourt costsÂ does not
include court-appointed attorneyÂs fees.ÂÂ 
As so modified, we affirm the trial courtÂs judgment.Â  Tex. R. App. P. 43.2(b).

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Do not publish. 

Â 

Â 











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.

Â 





[2] See
Tex. Penal Code Ann. Â§ 31.03(e)(4)(D) (West 2011) (providing theft of property
valued at less than $1,500 is a state jail felony if the defendant has two or
more prior final convictions of any grade of theft).





[3] On a showing at the trial of a state
jail felony that the defendant has two prior final convictions for state jail
felonies, on conviction the defendant shall be punished for a third-degree
felony.Â  Tex. Penal Code Ann. Â§ 12.42(a)(1) (West 2011). The range of punishment for a third-degree
felony is imprisonment for 2 to 10 years in the Texas Department of Criminal
Justice, and a fine not exceeding $10,000 may also be assessed.Â  Tex. Penal Code Ann. Â§ 12.34(a)(b) (West 2011).