

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00356-CR

---

MAX ANDREW SOTO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the County Court
Hale County, Texas
Trial Court No. 2021C-463, Honorable David B. Mull, Presiding

---

August 28, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Max Andrew Soto, appeals his conviction for unlawful carrying of a weapon.[1]  We remanded the appeal on May 22, 2023, for the trial court to determine, among other things, whether Appellant still desired to prosecute the appeal and why Appellant's appointed counsel had not filed an appellate brief.  We directed the trial court, upon remand, to issue findings of fact on these matters, and others, and to file the findings

---

[1] *See* TEX. PENAL CODE ANN. § 46.02.

in a supplemental record by June 21, 2023. No supplemental record was filed by this deadline.

On August 22, 2023, we received a supplemental clerk's record. The record did not include any trial court orders or findings. Instead, it contained a copy of an email exchange between Appellant's counsel, counsel for the State, and the trial court's coordinator. The emails indicate that the trial court scheduled a remand hearing for June 20, 2023. On June 13, 2023, Appellant's counsel emailed both the trial court and the State that his "client no longer wishes to pursue this appeal" and that Appellant will sign and file a motion to dismiss. To date, we have received no orders or findings from the trial court, Appellant's brief, or a motion to dismiss filed by Appellant.

This Court has given Appellant's counsel multiple opportunities to file a brief and, via a remand order, an opportunity to appear before the trial court to provide an explanation for the late brief. Prior to the remand hearing, Appellant's counsel notified the trial court that Appellant no longer desired to prosecute the appeal. Consequently, we now invoke Rule 2 of the Rules of Appellate Procedure, as well as our inherent authority to control the disposition of causes on our docket, reinstate the appeal, and dismiss it for Appellant's want of prosecution and based on Appellant's counsel's representation to the trial court that Appellant will not pursue the appeal. *See* TEX. R. APP. P. 2 (permitting an appellate court to suspend a rules operation in a particular case and order a different procedure for good cause), 42.2(a) (concerning voluntary dismissals in criminal cases), 42.3(b); *Brager v. State*, No. 0365-03, 2004 Tex. Crim. App. LEXIS 2203, at *3, 10 (Tex. Crim. App. Oct. 13, 2004) (en banc) (not designated for publication) (recognizing an appellate court's inherent power to dismiss a criminal appeal where a

2

party has failed to prosecute his action); *Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref'd) (dismissing criminal appeal for want of prosecution); *see also Balderas v. State*, No. 07-03-00013-CR, 2003 Tex. App. LEXIS 5534, at *2 (Tex. App.—Amarillo July 1, 2003, no pet.) (dismissing appeal, after remand, based on appellant's representations to the trial court that he desired to forgo the appeal).

Accordingly, the appeal is dismissed.

Per Curiam

Do not publish.