Brian Todd McDANIEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00138–CR.

Court of Appeals of Texas, Texarkana.

Submitted April 4, 2002.

Decided April 4, 2002.

Jeffrey D. Sasser, Houston, for appellant.

William J. Delmore, III, Harris County Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Brian Todd McDaniel appeals from his conviction on his plea of guilty for retaliation. He is represented on appeal by retained counsel, Jeffrey Sasser. The clerk's record was filed on September 21, 2001, and the reporter's record was filed on August 30, 2001. McDaniel's brief was thus originally due on October 22, 2001.

Counsel has filed three motions to extend the time to file his brief. The last extension ended February 1, 2002. The final extension contained the notation that "NO MORE EXTENSIONS WILL BE GRANTED." Our clerk's office contacted counsel on February 25, 2002, at which time counsel stated that he had been in drug treatment, that he had completed the brief, and that he would send it to this Court by Federal Express on March 1, 2002. We did not receive his brief, and on March 7, 2002, we issued an order directing Sasser to file a brief on or before March 15, 2002, or be prepared to show cause why he should not be held in contempt of court.

On March 21, 2002, we issued a show cause order. It could not be served on Sasser because, according to his secretary, he is in his office only a few minutes a week, and despite several attempts to serve notice on him, the officers did not find him.

As of the date of this opinion, no brief has been received, and despite additional telephone calls made by our clerk's office, Sasser has not contacted this Court.

It has now been five and one-half months since the original due date of the brief.

Retained counsel has completely failed, over a period of five months, in his duty to prosecute this appeal, to contact this Court to explain his failure to file a brief, or to take any other action toward prosecuting the appeal. Further, we have been entirely unable to contact counsel. In addition, we have been informed that McDaniel has been free on bond since June 1, 2001. Under these circumstances, we conclude that this appeal was not taken with the intention of pursuing it to effect, but instead was taken for purposes of delay while McDaniel remains at liberty. Ac-

cordingly, we dismiss this appeal for want of prosecution. *See Rodriguez v. State,* 970 S.W.2d 133 (Tex.App.-Amarillo 1998, pet. ref'd).

The appeal is dismissed.