**Benjamin Robert BUSH, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–160–CR.**

Court of Appeals of Texas, Waco.

June 12, 2002.

Benjamin Robert Bush, Jr., Waco, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**OPINION**

TOM GRAY, Justice.

A justice court convicted Benjamin Robert Bush, Jr. of driving his pickup with an expired license plate. Bush appealed to the County Court at Law No. 2 of McLennan County. A jury in the County Court convicted Bush of the offense and assessed a $199.50 fine. Acting as his own attorney, Bush timely filed a notice of appeal.

This appeal involves only a monetary punishment for a class C misdemeanor; accordingly, Bush is not entitled to appointed counsel. *See* TEX.CODE CRIM. PROC. ANN. ARTS. 1.051(c), 26.04(a) (Vernon Supp. 2002); *Scott v. Illinois,* 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383, 389 (1979); *Disheroon v. State,* 687 S.W.2d 332, 333–34 (Tex.Crim.App.1985); *Fortner v. State,* 764 S.W.2d 934, 934–35 (Tex.App.-Fort Worth 1989, no pet.).

The clerk's record was filed on July 5, 2001. The trial court denied Bush's request for a free reporter's record, finding that Bush "did not meet the burden of proving indigence." Because Bush failed to pay for the reporter's record or make arrangements for such payment, we notified him on November 26, 2001, that his

appeal would be submitted on the clerk's record alone and that his brief was due in thirty days. We notified Bush by letter dated January 10, 2002, that his brief was overdue. No brief was filed.

On February 27, 2002, we ordered Bush to file a brief within 20 days of the date of the order. We also warned Bush that if no brief was filed, we may dismiss the appeal "under our inherent authority to avoid the waste of judicial resources if a party fails to comply with a court order or the rules of procedure." *Bush v. State*, No. 10–01–160–CR, slip op. at 2 (Tex.App.-Waco Feb. 27, 2002, order) (not designated for publication) (citing *Johnson Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 87–88 (Tex. App.—Fort Worth, 2002, no pet. h.), and *Wilson v. State*, 39 S.W.3d 390, 391 (Tex. App.-Waco 2001, no pet.) (per curiam)). To date, no brief or extension to file a brief has been filed.

It has now been five months since the original due date of Bush's brief.

Bush has completely failed in his duty to prosecute this appeal, to contact this Court to explain his failure to file a brief, or to take any further action toward prosecuting this appeal. Under these circumstances, we conclude this appeal was not taken with the intention of pursuing it to completion, but instead was taken for the purposes of delay. Because Bush has failed to comply with an order of this Court, we dismiss this appeal, under our inherent authority, for want of prosecution. *See McDaniel v. State*, 75 S.W.3d 605 (Tex.App.-Texarkana 2002, no pet. h.); *Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex.App.-Amarillo 1998, pet. ref'd).