Reginald Keith Gray v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-04-00067-CR

     REGINALD KEITH GRAY,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 1991-687-C
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Reginald Keith Gray represents himself in this appeal from the trial court’s denial of a
motion for postconviction DNA testing. Because he has failed to file an appellant’s brief, we
will dismiss the appeal for want of prosecution.
      Pursuant to this Court’s order, the trial court appointed counsel to represent Gray in
pursuing a motion for DNA testing Gray filed in 2001. See Gray v. State, 69 S.W.3d 835,
837-38 (Tex. App.—Waco 2002, order). Counsel represented Gray in this proceeding, which
ended with the court’s entry of a written order denying the motion for DNA testing.
      Thereafter, Gray filed another request for postconviction DNA testing. The trial court
denied this motion by written order, and Gray appeals this ruling.
      The time for the filing of the appellant’s brief has passed. The Clerk of this Court notified
Gray that the brief was overdue and that the appeal would be dismissed if he failed to file a
brief or other response within ten days. Gray has not responded to this notice. Accordingly,
the appeal is dismissed. See Bush v. State, 80 S.W.3d 199, 200 (Tex. App.—Waco 2002, no
pet.).

                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna
Appeal dismissed
Opinion delivered and filed June 30, 2004
Do not publish



erif">FACTUAL BACKGROUND
      On June 9, 1996, Officer Rodney Jaime observed Kopecky make a wide turn and weave
between the lanes of traffic. Officer Jaime pulled Kopecky over and smelled alcohol on her breath. 
He then conducted some field sobriety tests. According to Officer Jaime, Kopecky performed
poorly on the tests, and he arrested her for driving while intoxicated. Kopecky told him that she
had consumed two and a half glasses of wine that evening. Kopecky refused the breath test. The
police inventory of Kopecky’s purse revealed several prescription medications.
      The information alleged in three separate paragraphs that intoxication occurred by reason of
alcohol, an unknown drug, or a combination of alcohol and an unknown drug. Kopecky filed a
motion to quash the second and third paragraphs of the information which alleged intoxication by
reason of an unknown drug or a combination of alcohol and an unknown drug. The court overruled
the motion to quash but stated that a mistrial would be granted if the State did not have a good faith
basis for alleging intoxication by reason of an unknown drug. After the State rested at trial, the
court granted an instructed verdict on the second and third paragraphs of the indictment. However,
the court refused to grant a mistrial.
MOTION TO QUASH
      In her first point of error, Kopecky asserts that the case should be reversed because her motion
to quash is not included in the transcript. Kopecky cites Rule 50(e) of the former Rules of
Appellate Procedure as authority to reverse this case. See Tex. R. App. P. 50(e), 49 Tex. B.J. 572 
(Tex. Crim. App. 1986). However, the Court of Criminal Appeals has declared that the new Rules
of Appellate Procedure apply to all cases pending on September 1, 1997, “except to the extent that
in the opinion of the court their application in a particular proceeding then pending would not be
feasible or would work injustice, in which case the former procedure may be followed.” Final
Approval of Revisions to the Texas Rules of Appellate Procedure (Tex. Crim. App. Aug. 15, 1997)
(order adopting new appellate rules); see Raney v. State, 958 S.W.2d 867, 873 n.3 (Tex.
App.—Waco 1997, pet. filed).
      We find that the application of the new Rules of Appellate Procedure would be feasible and
would not work an injustice in this case. We do not believe that former Rule 50(e) would have led
to a reversal in this case because an appellant was entitled to a new trial under Rule 50(e) only if
the court reporter’s notes and records had been lost and the parties could not agree on a statement
of facts. Under former Rule 50(e) portions of the record which were lost and destroyed could be
substituted in the trial court. Therefore, we will apply Rule 34.5(e) to this case. Tex. R. App. P.
34.5(e).
      Rule 34.5(e) provides:
Clerk’s Record Lost or Destroyed. If a filing designated for inclusion in the clerk’s record
has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that
item to the trial court clerk for inclusion in the clerk’s record or a supplement. If the
parties cannot agree, the trial court must-on any party’s motion or at the appellate court’s
request-determine what constitutes an accurate copy of the missing item and order it to be
included in the clerk’s record or a supplement.

Id. Thus, the absence of the motion to quash from the clerk’s record does not require a reversal.


 
We overrule the first point of error.
      Notwithstanding the absence of the motion to quash in the clerk’s record, we are able to
address Kopecky’s second point of error which alleges that the court erred in overruling her motion
to quash because we have the reporter’s record of the hearing held on November 20, 1996. 
Kopecky argued at the hearing and in her brief as well that the State knew three or four of the drugs
found in Kopecky’s purse. Yet, the State pled in the information that intoxication was by reason
of an unknown drug or a combination of an unknown drug and alcohol. Kopecky argues that the
court erred by failing to compel the State to plead with greater specificity because they knew the
types of suspected drugs.
      Kopecky was charged with driving a motor vehicle in a public place while intoxicated. See 
Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp. 1998). Intoxicated is defined as:
(A) not having the normal use of mental or physical faculties by reason of the introduction
of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or
more of those substances, or any other substance into the body; or
 
(B) having an alcohol concentration of 0.10 or more.

Id. § 49.01(2)(A), (B) (Vernon 1994). In the face of a motion to quash, the charging instrument
must allege which definition(s) of intoxicated (A, B, or both above) and which type(s) of
intoxicant(s) (listed in A) will be relied on. State v. Carter, 810 S.W.2d 197, 200 (Tex. Crim.
App. 1991). Further, “the State may specifically allege, in the conjunctive or disjunctive, any or
all of the statutorily-defined types of conduct regarding an offense.” Id. at 199. “Such a charging
instrument still puts a defendant on clear notice of what the State will attempt to prove at trial.” 
Id. 
      In this case, the State alleged that Kopecky was intoxicated by not having the normal use of
her mental and physical faculties by reason of the introduction of alcohol, an unknown drug, or a
combination of alcohol and an unknown drug. Under the case authority, the information provides
adequate notice to Kopecky because it provides the definition of intoxicated the State will use and
alleges the types of intoxicants, namely alcohol, a drug, or a combination of alcohol and a drug. 
      Charging instruments in other cases have alleged intoxication by reason of a drug without
naming the specific drug. See State v. Winskey, 790 S.W.2d 641, 642 (Tex. Crim. App. 1990);
State v. Torres, 865 S.W.2d 142, 143 (Tex. App.—Corpus Christi 1993, pet. ref’d); Dewitt v.
State, 763 S.W.2d 524, 526 (Tex. App.—El Paso 1988, pet. ref’d). Therefore, the State was not
required to name the specific drug which caused intoxication. However, Kopecky’s complaint
seems to be aimed at the State’s allegation of an “unknown” drug. At the hearing on the motion
to quash, the State admits that intoxication could have been caused by four different types of
controlled substances. However, the State does not have a blood or urine test to determine whether
Kopecky even ingested any medications, let alone which of the four types of medications found in
Kopecky’s purse were ingested. The State did not know whether Kopecky was intoxicated by
reason of a drug or a combination of alcohol and a drug. Therefore, pleading intoxication by
reason of an “unknown drug” in this case was not improper. 
      Thus, we find that the court did not abuse its discretion when it overruled Kopecky’s motion
to quash. We overrule the second point of error.
INEFFECTIVE ASSISTANCE
      Kopecky’s third point of error alleges that her counsel was rendered ineffective because of a
misplaced reliance on the court’s comment during the motion to quash hearing. The court said that
a mistrial would be declared if the State did not have a good faith basis for including the two
paragraphs alleging intoxication by reason of an unknown drug or a combination of alcohol and an
unknown drug. According to Kopecky, her counsel believed that the State was not presenting proof
of the second and third paragraphs at trial and failed to cross-examine State witnesses because he
felt a mistrial would be declared. The court granted an instructed verdict on the second and third
paragraphs but refused to grant a mistrial. 
      In assessing the effectiveness of counsel during the guilt-innocence phase of trial, we apply the
test set forth by the Supreme Court in Strickland v. Washington. 466 U.S. 668, 687, 104 S. Ct.
2052, 2064, 80 L. Ed. 2d 674 (1984). Strickland requires us to determine whether: (1) counsel’s
performance was deficient; and if so, (2) whether there is a reasonable probability the results would
have been different but for counsel’s deficient performance. Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064. Trial strategy of counsel will not be questioned unless there appears no plausible basis
for counsel’s actions. Johnson v. State, 614 S.W.2d 148, 151 (Tex. Crim. App. [Panel Op.]
1981). Claims of ineffective assistance must be supported in the record. Johnson v. State, 691
S.W.2d 619, 627 (Tex. Crim. App. 1984). 
      We strongly presume that counsel’s conduct lies within the “wide range of reasonable
representation.” McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied,
__ U.S. __, 117 S. Ct. 966, 136 L. Ed. 2d 851 (1997). The accused must overcome this
presumption by affirmatively showing that his representation fails the two-part test set forth in
Strickland. Generally, we examine the totality of the representation to determine the effectiveness
of counsel. Ex Parte Raborn, 658 S.W.2d 602, 605 (Tex. Crim. App. 1983).       As the State
points out in its brief, only the motion for new trial states that counsel failed to cross-examine
witnesses because he relied on the court’s promise of a mistrial. The motion for new trial was
overruled by operation of law without a hearing. Evidence must be presented to the court in order
to prove allegations in such a motion. See Williams v. State, 493 S.W.2d 863, 865 (Tex. Crim.
App. 1973). Thus, in this case we have no evidence in the record which establishes that counsel’s
failure to cross-examine witnesses was due to the court’s promise of a mistrial. However, the
record shows that counsel did not cross-examine the State’s witnesses, Officer Jamie and Officer
Hill. We must determine whether the failure to cross-examine these witnesses constituted
ineffective assistance of counsel. 
      Cross-examination is inherently risky and the decision not to cross-examine witnesses is often
due to trial experience. Dannhaus v. State, 928 S.W.2d 81, 88 (Tex. App.—Houston [14th Dist.]
1996, pet. ref’d) (citing Coble v. State, 501 S.W.2d 344, 346 (Tex. Crim. App. 1973). The cross-examination of witnesses is based on trial strategy. Tutt v. State, 940 S.W.2d 114, 121 (Tex.
App.—Tyler 1996, pet. ref’d). According to defense counsel’s closing argument, he did not cross-examine the officers because they would not say, “Mr. Defense Lawyer, you’re right. She was not
intoxicated. You’re right. I’ve heard your cross-examination, Mr. Defense Lawyer. I was
wrong.” We find that defense counsel had a plausible basis for forgoing cross-examination and the
decision was based on trial strategy. See Johnson, 614 S.W.2d at 151. Thus, we do not find that
counsel’s performance was deficient. See Strickland, 466 U.S. at 687. 
      Accordingly, we overrule her third point of error. 
JURY ARGUMENT
      Kopecky’s fourth point of error complains of four instances of alleged improper jury argument
by the State. Defense counsel made objections to the alleged improper remarks but the court
overruled them. Jury argument is confined to four permissible areas: (1) summations of the
evidence; (2) reasonable deductions from the evidence; (3) responses to opposing counsel’s
argument; and (4) pleas for law enforcement. Lagrone v. State, 942 S.W.2d 602, 619 (Tex. Crim.
App. 1997); Nevels v. State, 954 S.W.2d 154, 158 (Tex. App.—Waco 1997, pet. ref’d). When
a jury argument falls outside these areas, error occurs. See, e.g., Lagrone, 942 S.W.2d at 619;
Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). If we find error, we must
determine the harmfulness of such error under the new Rules of Appellate Procedure. 
       Rule of Appellate Procedure 44.2 governs how harm is assessed if error is found in criminal
cases. Tex. R. App. P. 44.2. Subsection (b) provides: “Any [non-constitutional] error, defect,
irregularity, or variance that does not affect substantial rights must be disregarded.” Id. 44.2(b). 
When we assess harm under Rule 44.2(b), we review the entire record to determine whether “the
error had a substantial and injurious effect or influence in determining the jury’s verdict.” King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328
U.S. 750, 776, 66 S. Ct. 1239, 1253, 90 L. Ed. 1557 (1946)). If we conclude that the error did
not have such an effect or influence, then we must disregard the error. Tex. R. App. P. 44.2(b).
      In the first instance of alleged improper argument, Kopecky argues that the following remark
strikes over the shoulder of counsel:
They [Kopecky and some friends] were going to go out and have a good old time. That’s
what they did.
The Defense is looking for loopholes. They are saying that you can’t prove
intoxication.
 
[DEFENSE]: I object to that as striking over the shoulder of Counsel. I am not looking
for a loophole. 
 
[COURT]: Overruled. 

Kopecky argues that the Court of Criminal Appeals has held such argument to be improper because
it infers that the defense attorney will go to any lengths to attain an acquittal. See, e.g., Gomez v.
State, 704 S.W.2d 770, 771 (Tex. Crim. App. 1985) (prosecutor suggested that defense counsel
had manufactured evidence and was paid to get his client “off the hook”); Bell v. State, 614
S.W.2d 122, 123 (Tex. Crim. App. [Panel Op.] 1981) (prosecution argued that it was defense
counsel’s duty to see that client got off even if it meant putting on witnesses who lie); Lewis v.
State, 529 S.W.2d 533, 534 (Tex. Crim. App. 1975) (prosecutor argued that he had taken an oath
to God to seek justice but no such oath bore on the defense attorney and, if assuming the defendant
is guilty, defense attorney does not want the truth before the jury). However, we do not feel that
the remarks made in this case are similar to those above.
      The State’s argument in this case is more like that in Gorman, where the prosecutor stated,
“Don’t let him smoke screen you, he has smoke-screened you enough.” Gorman v. State, 480
S.W.2d 188, 190 (Tex. Crim. App. 1972). The court found that the argument was not improper
because it “was not a personal attack, but rather made in answer to counsel’s argument which
attempted to minimize the scope and extent of appellant’s prior criminal record.” Id. at 190-91. 
In another case, the Court found that the prosecutor’s remark, that defense counsel was arguing
“something ridiculous,” was not directed at defense counsel but rather his argument. Coble v.
State, 871 S.W.2d 192, 205 (Tex. Crim. App. 1993); see also Howard v. State, 896 S.W.2d 401,
404-05 (Tex. App.—Amarillo 1995, pet. ref’d) (follows Coble and finds prosecution remark, that
whole point of defense argument is to lead jury down bunny trails and divert attention from central
issue, was not a personal attack but rather directed at defense argument). 
      We believe that the prosecutor was responding to defense counsel’s arguments that the officers
did an incomplete investigation of the offense. The prosecutor’s argument was not directed at
defense counsel but rather his argument, which does not strike at the defendant over the shoulders
of counsel. See Coble, 871 S.W.2d at 205. Responding to opposing counsel’s argument is a
permissible area of jury argument, thus we find no error in this argument. See Lagrone, 942
S.W.2d at 619.
      Kopecky alleges that the following remarks were improper jury argument: 
[STATE]: To acquit this defendant now, you have to say to yourself, “Officer Jamie,
Officer Hill, you’re lying --” 
 
[DEFENSE]: Objection. That‘s a mischaracterization of the law and she knows it. 
That’s not the law. It’s a misstatement of the law.
 
[STATE]: In response, Your Honor, I would say that I‘ve got case law that says that
that’s --
 
[COURT]: Objection overruled. 

Defense counsel asked the jurors to consider the biases of the officers and shed doubt on their
credibility during his closing argument. According to defense counsel:
The next thing under B is bias. Now, she’s [the prosecutor] going to argue that, well, he
doesn’t have any motive to lie. He doesn’t have any reason to come in here and say
anything other than the truth. Of course he does. I’m not saying that he’s lying, but use
your common sense. Do you really believe that a police officer is going to come in after
he’s arrested a person, after he’s charged them, after he’s confined them and put them in
a jail cell, do you really think that he’s ever going to come in and say anything other than,
oh, yeah, absolutely, she was intoxicated. Use your common sense. Of course he’s going
to say she was intoxicated. 

After defense counsel insinuated that the officers might be lying, the State’s argument in response
was proper. We have found similar closing argument to be a proper response to an attack on the
veracity of the State’s witnesses. See Bryant v. State, 923 S.W.2d 199, 212 (Tex. App.—Waco,
1996, pet. ref’d) (State’s argument, that to believe defendant’s story, you have to believe that two
officers with almost 35 years of experience would give perjured testimony, was a proper response
to defense counsel’s attack on the veracity of the officers). Responding to opposing counsel’s
argument is a permissible area of jury argument, thus we find no error in this argument. See
Lagrone, 942 S.W.2d at 619.
      Kopecky alleges that the following jury argument shifted the burden of proof. The State
remarked:
 . . .all these friends come up here to testify on her behalf and they all say that we split
the bill. We split the bill. We know exactly how much we had to drink. But they didn’t
bring you any receipts. They could have brought you receipts.
 
[DEFENSE]: Objection, Your Honor. Shifting the burden, Your Honor.
 
[COURT]: Overruled.

Two of Kopecky’s friends testified that they had dined with Kopecky and two other friends from
about 8:00 PM to 11:00 PM on the night that Kopecky was arrested. They testified that the five
women shared two bottles of wine. The State’s argument refers to the failure of Kopecky’s friends
to bring a receipt to substantiate their testimony. A comment which refers to an appellant’s failure
to produce evidence other than his own testimony is not improper. Patrick v. State, 906 S.W.2d
481, 491 (Tex. Crim. App. 1995). 
      In White v. State, the State asked why the defendant had not gotten a serologist to repeat DNA
tests to show the jury that the samples were mixed up as the defense alleged. 934 S.W.2d 891, 894
(Tex. App.—Fort Worth 1996, no pet.). Defense counsel objected on the basis that the State was
shifting the burden of proof. Id. The Court found that the remark did not shift the burden of proof
by commenting on the failure of the appellant to testify because the evidence, the DNA tests, would
have come from the serologist and not the defendant. Id. at 895. In Schultz v. State, the Court of
Criminal Appeals found that the State’s remark, that “if appellant had had only three beers he
should have called the bartender in the tavern he had visited to support him” was proper in a DWI
case. 367 S.W.2d 688, 690 (Tex. Crim. App. 1963). Thus, we do not find that the State’s
argument in this case was improper and we further find that it was a reasonable deduction from the
evidence and as such, proper jury argument. See Lagrone, 942 S.W.2d at 620. 
      Kopecky objects to the following remarks by the State as a mischaracterization of the law:
Beyond a reasonable doubt, ladies and gentlemen, is common sense. It’s what your gut
tells you. It happens down here everyday. 
 
[DEFENSE]: I object to that as being a mischaracterization of the law of proof beyond
a reasonable doubt. It’s a misstatement of the law and I object to it. 
 
[COURT]: Objection overruled.

We do not find that the State’s remarks misstate the law of proof beyond a reasonable doubt. The
jury charge defined reasonable doubt as “a doubt based on reason and common sense after a careful
and impartial consideration of all the evidence in the case.” We find that the State’s comment was
in response to defense counsel’s remarks about reasonable doubt in his closing argument and
therefore is a proper subject of closing argument. Id. 
      Finding no improper jury argument, we overrule Kopecky’s fourth point of error. 
      We affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
       Justice Cummings and
       Justice Vance
Affirmed
Opinion delivered and filed April 16, 1998 
Do not publish