In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00232-CR
______________________________


JEFFERY JANSEN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 32186-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.


O R D E R

            Jeffery Jansen has appealed his conviction for possession of a controlled substance. The trial
court imposed sentence August 3, 2005, and Jansen timely appealed. Jansen is represented by
retained counsel and is not appealing as an indigent; he is, therefore, responsible for payment of the
preparation of the appellate record. The record was originally due to be filed 120 days after the date
sentence was imposed; in this case, that due date was December 1, 2005. See Tex. R. App. P.
35.2(b).
            The clerk's record was timely received November 14, 2005. Our clerk's office has contacted
the court reporter, who has informed the Court that the reporter's record has not been prepared or
filed because the party has not paid the reporter's fee and has not made satisfactory arrangements to
pay that fee as required by Tex. R. App. P. 35.3(b), (c). 
            Earlier this month, retained counsel informed this Court that Jansen wishes to dismiss his
appeal, but we have not, as yet, received a motion to dismiss the appeal.
            Under the authority of Tex. R. App. P. 37.3(c), we hereby provide the appellant with notice
and an opportunity to cure the defect in timely preparing the record (as required by our rules) by
paying or making arrangements to pay the court reporter the amount owed and by filing the reporter's
record. If the reporter's record or information reflecting an adequate effort to obtain such is not
received by this Court within fifteen days of the date of this order (before March 8, 2006) or if the
appellate brief based solely on the clerk's record is not received by that same date, this appeal will
be considered on the record alone. See Tex. R. App. P. 38.8(b); Stavinoha v. State, 82 S.W.3d 690
(Tex. App.—Waco 2002, no pet.); Bush v. State, 80 S.W.3d 199 (Tex. App.—Waco 2002, no pet.); 
see also McDaniel v. State, 75 S.W.3d 605 (Tex. App.—Texarkana 2002, no pet.); Rodriguez v.
State, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref'd). 
            IT IS SO ORDERED.


                                                                        Jack Carter
                                                                        Justice
 
Date:   February 21, 2006



0;    February 8, 2005
Date Decided:             February 17, 2005