In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00233-CR
______________________________


                                       JEFFERY JANSEN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 32914-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.



O R D E R

            Jeffery Jansen has appealed his conviction for possession of a controlled substance. The trial
court imposed sentence August 3, 2005, and Jansen timely appealed. Jansen is represented by
retained counsel and is not appealing as an indigent; he is, therefore, responsible to pay for the
preparation of the appellate record. The record was originally due to be filed 120 days after the date
sentence was imposed; in this case, that due date was December 1, 2005. See Tex. R. App. P.
35.2(b).
            The clerk's record was timely received November 21, 2005. Our clerk's office has contacted
the court reporter, who has informed the Court that the reporter's record has not been prepared or
filed because the party has not paid the reporter's fee and has not made satisfactory arrangements to
pay that fee as required by Tex. R. App. P. 35.3(b), (c). 
            Earlier this month, retained counsel informed this Court that Jansen wishes to dismiss his
appeal, but we have not, as yet, received a motion to dismiss the appeal.
            Under the authority of Tex. R. App. P. 37.3(c), we hereby provide the appellant with notice
and an opportunity to cure the defect in timely preparing the record (as required by our rules) by
paying or making arrangements to pay the court reporter the amount owed and by filing the reporter's
record. If the reporter's record or information reflecting an adequate effort to obtain such is not
received by this Court within fifteen days of the date of this order, that is, before March 8, 2006, or
if the appellate brief based solely on the clerk's record is not received by that same date, this appeal
will be considered on the record alone. See Tex. R. App. P. 38.8(b); Stavinoha v. State, 82 S.W.3d
690 (Tex. App.—Waco 2002, no pet.); Bush v. State, 80 S.W.3d 199 (Tex. App.—Waco 2002, no
pet.); see also McDaniel v. State, 75 S.W.3d 605 (Tex. App.—Texarkana 2002, no pet.); Rodriguez
v. State, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref'd). 
            IT IS SO ORDERED.

                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date:   February 21, 2006



viewing
court uses a two-step analysis: 1) Was the photo display impermissibly
suggestive? 2) If it was suggestive, the court looks to the totality of the
circumstances to determine if the suggestive procedure gave rise to a "very
substantial likelihood of irreparable misidentification." 


Mitchell v. State, 974 S.W.2d 161, 164 (Tex. App.-San Antonio 1998), vacated on other
grounds, 989 S.W.2d 747 (Tex. Crim. App. 1999) (citing Delk v. State, 855 S.W.2d 700,
706 (Tex. Crim. App. 1993)); see also Wallace, 75 S.W.3d at 584 (citing In re G.A.T., 16
S.W.3d 818, 827 (Tex. App.-Houston [14th Dist.] 2000, pet. denied)) (listing two-pronged
test). 

 The evidence shows that, during her 9-1-1 call to police, Hobbs described the
suspect as a black male, about 5'7" tall, weighing 130 pounds, and in his mid-twenties. 
Less than one and one-half hours later, police received a tip from Hopes that a person
being sought by police was sighted in a location a few blocks away from where the robber
abandoned the Cadillac. Hopes described the man as out of breath and desperate for a
place to hide. He also told police the man's name was Patrick Lane, whom Hopes knew
as his sister's former boyfriend. From this evidence, Wilson developed Lane as a suspect
in the robbery. Given the state of the investigation at the time, there was no obligation to
prepare a line-up fitting a description of someone not a suspect. See Wallace, 75 S.W.3d
at 585. The argument that the persons in the photographic array have characteristics not
described by the victim at the time of the 9-1-1 call has no validity. Cf. id. at 584 (allegation
that array did not contain anyone matching original description by witnesses has no
validity). The record before the trial court does not convey the idea that Wilson used the
array in an unduly suggestive manner or indicate the pictures themselves led to a
misidentification. Therefore, we cannot say the trial court abused its discretion by finding
the photographic display was not unduly suggestive.

 As the second step of the analysis, the Texas Court of Criminal Appeals has
outlined five nonexclusive factors that should be weighed against the corrupting effect of
any suggestive identification procedures in assessing reliability under the totality of the
circumstances:

1) the opportunity of the witness to view the accused at the time of the crime;

2) the witness' degree of attention;

3) the accuracy of the witness' prior description of the accused;

4) the level of certainty demonstrated by the witness at the confrontation; 
and

5) the length of time between the crime and the confrontation.


Loserth v. State, 963 S.W.2d 770, 772 (Tex. Crim. App. 1998); Wallace, 75 S.W.3d at 585. 
"We are required to review the trial court's findings on these factors, regarded as matters
of historical fact, deferentially in the light most favorable to the trial court's ruling. These
factors should then be weighed de novo against the corrupting effect of the suggestive
pretrial identification procedure." Wallace, 75 S.W.3d at 585.

 Hobbs had ample time to view the robber, especially his face, during the
commission of the crime. At times, the robber was as close as two feet from her. There
was no evidence she was intoxicated or had impaired vision. She gave police a description
of the man's vehicle, his clothing, and his height-demonstrating at least a moderate level
of attentiveness during the encounter. While Hobbs described the suspect as weighing
approximately forty pounds less than Lane's weight at trial, this evidence alone is not
sufficient to label her identification as erroneous, given the totality of the circumstances. 
Cf. id. (discrepancies between early descriptions of suspect and defendant's actual
appearance do not necessarily lead to misidentification when evidence is viewed under
totality of circumstances). Our review of the photographic array admitted into evidence
shows two other men in the array have eyes of a similar oval shape to Lane's eyes. Hobbs
was quite positive photograph number five (Lane) was the person who committed the
robbery. Only one week passed between the crime and the identification of Lane from the
array. Therefore, examining the totality of the circumstances surrounding Hobbs'
identification of Lane, we do not believe there was a very substantial likelihood of
misidentification. See id. at 584.

 The trial court's findings of fact and conclusions of law on the motion to suppress
identification are supported by the evidence presented in this case. Therefore, the trial
court did not abuse its discretion by denying Lane's motion to suppress.

3. Factual Sufficiency.

 In his final point of error, Lane contends that, absent the victim's identification of him
at trial, the overwhelming weight of the evidence does not support his conviction. He
further contends the victim would not have identified him at trial as the robber absent her
erroneous identification of him from the unduly suggestive photographic line-up. 

 The Texas Court of Criminal Appeals recently reaffirmed the Clewis (1) standard for
reviewing factual sufficiency:

In conducting a factual sufficiency review, we view the evidence in a neutral
light and set aside the verdict only if the evidence supporting guilt is so
obviously weak, or the contrary evidence so overwhelmingly outweighs the
supporting evidence, as to render the conviction clearly wrong and manifestly
unjust. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). While a
reviewing court has some authority to disregard evidence that supports the
verdict, it must be appropriately deferential so as to avoid substituting its own
judgment for that of the fact[-]finder. Wesbrook v. State, 29 S.W.3d 103, 112
(Tex. Crim. App. 2000), cert. denied, 532 U.S. 944, 121 S.Ct. 1407, 149
L.Ed.2d 349 (2001). The reviewing court should not substantially intrude
upon the jury's role as the sole judge of the weight and credibility of witness
testimony.


Ortiz v. State, No. 73692, 2002 WL 31116634, at *5 (Tex. Crim. App. Sept. 25, 2002).

 We have already found Hobbs' pretrial identification of Lane was not the product of
an unduly suggestive photographic array. It follows that her in-court identification would
not be the product of an overly suggestive pretrial identification. Additionally, the victim
explicitly testified at trial that her in-court identification of Lane was made independently
of her pretrial identification from the photographic array. Hobbs never wavered in the
surety of her in-court identification. Nor does the overwhelming weight of the remaining
evidence suggest Hobbs erroneously identified Lane. The evidence is thereby factually
sufficient to support the conviction. Lane's final point of error is overruled.

 We affirm the trial court's judgment.


 Donald R. Ross

 Justice



Date Submitted: January 17, 2003

Date Decided: February 4, 2003


Do Not Publish

1. Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).