In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00108-CR


______________________________




SOCORRO RODRIGUEZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law No. 2


McLennan County, Texas


Trial Court No. 20063184CR2




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss





MEMORANDUM OPINION



 Socorro Rodriguez appeals from her conviction for the misdemeanor offense of following
too closely. She was found guilty by a jury which assessed a fine of $200.00. She was sentenced
accordingly. Rodriguez is not indigent.

 Rodriguez filed her notice of appeal April 9, 2007. The clerk's record was filed June 18,
2007. That record contained no certification of Rodriguez' right of appeal. Unless the record
contains a certification showing that a defendant has the right of appeal, we must dismiss the appeal. 
See Tex. R. App. P. 25.2(d). We informed Rodriguez of this defect in a letter dated July 10, 2007,
and gave her until August 2, 2007, to supplement the record with the trial court's certification. That
certification has not been filed.

 Further, the reporter's record was due May 25, 2007. Rodriguez has not contacted the
reporter to have that record prepared, nor has Rodriguez filed a docketing statement with this Court. 
See Tex. R. App. P. 32.2. Rodriguez is representing herself on appeal.

 Rodriguez has made no effort to take the steps necessary to prosecute this appeal. In these
circumstances, the prosecution of this appeal is Rodriguez' sole responsibility, and the failure to
prosecute the appeal is solely attributable to Rodriguez' choices. 

 Accordingly, we dismiss this appeal for want of prosecution. See Stavinoha v. State, 82
S.W.3d 690, 691 (Tex. App.--Waco 2002, no pet.); Bush v. State, 80 S.W.3d 199, 200 (Tex.
App.--Waco 2002, no pet.); see also McDaniel v. State, 75 S.W.3d 605, 605-06 (Tex.
App.--Texarkana 2002, no pet.); Rodriguez v. State, 970 S.W.2d 133, 135 (Tex. App.--Amarillo
1998, pet. ref'd). 

 We dismiss the appeal for want of prosecution. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 15, 2007

Date Decided: August 16, 2007


Do Not Publish





consideration of the PSI report that contained much of the extraneous-offense evidence which now
forms the basis of his appellate complaint. Therefore, his failure to object to the at-issue evidence
at the earliest point of its admission means this issue has not been preserved for appellate review. 
See Tex. R. App. P. 33.1(a). Additionally, Bacon's insistence on the application of Blakely to the
procedural posture of this case is entirely inappropriate because he voluntarily waived his right to
have a jury determine his punishment in this case.

 Moreover, as the State correctly notes in its appellate brief, our law expressly permits a trial
court to admit evidence offered by either the State or the defendant 

 as to any matter the court deems relevant to sentencing, including but not limited to
the prior criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which he is
being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any
other evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant or for which he could
be held criminally responsible, regardless of whether he has previously been charged
with or finally convicted of the crime or act . . . .


Tex. Code Crim. Proc. Ann. art. 37.07, § 3 (Vernon Supp. 2007). 

 In pronouncing its sentence, the trial court made several comments about the extraneous-offense evidence brought forth. The trial court's comments suggest the court found the evidence of
the at-issue extraneous offense(s) to have been proven beyond a reasonable doubt. Such a
sufficiency finding was inherently necessary before the trial court could consider such acts in
assessing Bacon's punishment. See id. (requiring finding that act committed beyond a reasonable
doubt). Since Bacon does not now challenge that underlying finding, since our law expressly permits
the trial court's consideration of such evidence, and since Blakely is entirely inapplicable to the
procedural and factual posture of this case, we find no merit in Bacon's sole point of error.

 We affirm the trial court's judgment.




 Bailey C. Moseley

 Justice


Date Submitted: April 2, 2008

Date Decided: April 3, 2008


Do Not Publish