In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00166-CR

                                                ______________________________

 

 

                                          JACK H.
MEYER, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 276th
Judicial District Court

                                                            Marion County, Texas

                                                           Trial
Court No. M04922

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            Jack
H. Meyer has appealed from his misdemeanor conviction by a jury for refusal to
execute release of a fraudulent lien pursuant to Section 32.49 of the Texas
Penal Code.  Tex. Penal Code Ann. § 32.49 (Vernon 2003).  The jury assessed punishment at seven days’
confinement in the county jail and a $1,000.00 fine.  The trial court suspended imposition of the
sentence and placed Meyer on community supervision for two years.  

            At
trial, after an extensive series of exchanges with the trial court, Meyer chose
to represent himself, rather than to allow appointed counsel to assert his
position under the rules of the adversary system––as counsel is required to
do.  See
Tex. R. Prof’l Conduct,
Preamble:  A Lawyer’s Responsibilities 2,
4 reprinted in Tex. Gov’t Code Ann., Tit. 2, subtit.
G. app. A (Vernon 2005).  

            In
his notice of appeal, Meyer stated that he was representing himself, and also
stated that he needed the assistance of an attorney, and asked this Court to
inform him how he might acquire the necessary assistance of counsel.  We recognized that the trial court had
carefully explained, before his trial, the dangers of self-representation and questioned
whether he wanted to represent himself. 
We also recognized that his statements made it apparent that he wanted
to control his appeal, but with the assistance of counsel—which is effectively
hybrid representation, or alternatively might want to dictate to counsel how
his appeal should be pursued—actions which counsel may not allow under the
ethical rules governing the profession. 
In an abundance of caution, we abated the case to the trial court with
directions to readmonish Meyer and determine under the standards of Faretta[1]
whether his decision to represent himself was made knowingly, intelligently,
and voluntarily.  After a hearing at
which this occurred, the court found his decision knowing and voluntary
(although a bad mistake), and Meyer signed the formal waiver contemplated by
Article 1.051 of the Texas Code of Criminal Procedure.  Tex.
Code Crim. Proc. Ann. art. 1.051 (Vernon Supp. 2009).  

            We
have, therefore, chosen to permit him to represent himself on appeal.  

            On
February 4, Meyers presented a brief for filing that, beginning with the
statement of facts and ending at the prayer, is 253 pages long.  The maximum permissible length is fifty pages;
the statement of facts does not include references to the clerk’s record or
reporter’s record showing where those facts are found, the table of contents
and the index of authorities do not provide page numbers to show where each
issue or authority is found in the body of the brief, and the brief does not
contain a certificate of service stating that a copy had been served on all
parties to the proceeding.  On February
4, we wrote a letter to Meyer informing him that his brief would not be filed
as presented, citing and summarizing the Texas Rules of Appellate Procedure
that were violated, and directing him to submit a new brief by February
16.  

            Instead,
Meyers wrote a letter to this Court, which we received on February 9, in which
he protests the unfairness of requiring him to act within the confines of the
appellate rules, claims that the trial court is committing treason, states that
his brief “must stand as it is,” and states categorically that he believed
there was not “one lawful requirement for me to even present a brief of my
facts.” 

            In
response, on February 11, we again wrote Meyer. 
We reminded him that pro se defendants nevertheless were required to
abide by the applicable rules of procedure, reiterated the requirements that
were not met by his brief, and warned him that:

You may choose to rely on the brief that you have
presented to this Court.  That decision
is yours to make.  However, the brief
presented to this Court will be struck and will not be considered.  We hereby provide a final opportunity for you
to prepare and file a brief that complies with the requirements of the
rules.  We also warn you that failure to
submit a brief complying with the Texas Rules of Appellate Procedure will cause
your appeal to be subject to dismissal without further notice.  

 

We then reset the due date for
filing a proper brief to March 4, 2010. 
An additional twenty days have now elapsed.  Meyer has not filed a brief, and has filed no
further documents with this Court.  He
has made it clear that he despises the system that he now seeks to use to his
benefit.  Meyer has had opportunity to
seek review, within the same framework as that used by every other litigant
that appears before this Court, and has contumaciously refused to do so.  

            We
point out, that, contrary to his apparent beliefs, this Court does not act on
behalf of the State.  We do not, and
cannot, create arguments for parties—we are neither the appellant’s nor the
appellee’s advocate.  We have an interest
in a just adjudication, but also have an interest in remaining impartial.  See
Ex parte Lowery, 840 S.W.2d 550, 552
n.1 (Tex. App.—Dallas 1992), rev’d on
other grounds, 867 S.W.2d 41 (Tex. Crim. App. 1993).  Simply put, we will not brief a defendant’s
case for him.  Heiselbetz v. State, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995).  

            The
brief tendered for filing, as we previously informed Meyer, fails to
substantially comply with the Texas Rules of Appellate Procedure.  He has twice been given the opportunity to
provide a brief, and has not just failed, but refused to do so.  Meyer has failed to comply with the
directives of this Court, and has in fact stated that he intends to file only
what he finds appropriate.  Accordingly,
we strike Meyer’s defective brief received by this Court on February 4,
2010.  See  Tex. R. App. P. 9.4(i). 


            Under
these circumstances, we conclude this appeal was not taken with the intention
of pursuing it to completion, but instead was taken for other purposes
unrelated to the disposition of the case. 
We thus conclude that Meyer has engaged in dilatory and bad faith abuse
of the judicial process.  We will not
permit Meyer to attempt to further manipulate the appellate system.  We dismiss this appeal for want of
prosecution (both under our inherent authority and under the authority of the
appellate rules as applied to this fact situation) for Meyers’s failure to
comply with the appellate rules, and for his failure to respond to a notice
from the clerk requiring action within a specified time.  See
Tex. R. App. P. 42.3(b), (c);[2]
see generally Stavinoha v. State, 82 S.W.3d 690 (Tex. App.—Waco 2002, no
pet.); Bush v. State, 80 S.W.3d 199 (Tex. App.—Waco 2002, no pet.);
McDaniel v. State, 75 S.W.3d 605 (Tex. App.—Texarkana 2002, no pet.); Rodriguez
v. State, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref’d); see also Brager v. State, No. 0365-03,
2004 WL 3093237 (Tex. Crim. App. Oct. 13, 2004) (not designated for
publication); Johnson v. State, 166
S.W.3d 372 (Tex. App.—Waco 2005, no pet.).

            Accordingly, we dismiss the appeal. 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          March 31, 2010

Date Decided:             April 1, 2010

 

Publish

 











[1]Faretta v. California, 422 U.S. 806
(1975).





[2]See Pena
v. State, No. 04-04-00904-CV, 2005 WL 954396 (Tex. App.—San Antonio Apr.
27, 2005, no pet.) (mem. op.); Dao
v. State, No. 05-03-01412-CV, 2004 WL 1044352 (Tex. App.—Dallas May 10, 2004,
no pet.) (mem. op.).