NO. 07-08-0363-CR

NO. 07-08-0364-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 8, 2008

______________________________

DONALD ELIJAH MATTHEWS, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_________________________________

FROM THE 47th DISTRICT COURT OF POTTER COUNTY;

NOS. 57, 858-A and 57, 859-A; HON. HAL MINER, PRESIDING

_______________________________

Abatement and Remand

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Donald Elijah Matthews, Jr. appeals his convictions for assault and violation of a protective order.  The clerk has filed extensions of time to file the clerk’s records, which extensions were granted to December 17, 2008.  The reporter’s record was due on November 17, 2008.   On December 1, 2008, the Court notified the reporter by letter that the record was overdue, and in response, the reporter stated that appellant neither submitted a request for preparation of the record nor made arrangements to pay for it.   

Accordingly, we abate this appeal and remand the cause to the 47
th
 District Court of Potter County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeals; 

     2.  whether appellant is indigent;

3.  whether the appellant is entitled to free appellate records due to his indigency; 

4.  when the reporter’s record can reasonably be filed (given the length of trial and size of the record) in a manner that does not unduly delay the prosecution of this appeal.

The trial court shall 1) execute findings of fact and conclusions of law addressing the foregoing issues, and 2) cause to be developed supplemental clerk’s records containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter.  Additionally, the district court shall then cause the supplemental records to be filed with the clerk of this court on or before January 7, 2009.   Should further time be needed by the trial court to perform these tasks, then same must be requested before January 7, 2009.  Finally, appellant is informed that if he is not indigent and fails to make arrangements or pay for the reporter’s record, the appeal will be dismissed.  
Rodriguez v. State
, 970 S.W.2d 133, 135 (Tex.App.–Amarillo 1998, pet. ref’d).

It is so ordered.

Per Curiam

Do not publish.on which an appeal can be predicated.  
Id
. at 744-45.  In compliance with 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court’s judgment.  Additionally, counsel has certified that she has provided appellant a copy of the 
Anders
 brief and motion to withdraw and appropriately advised appellant of his right to file a 
pro se
 response in these matters.  
See  Stafford v. State
, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991).  The court has also advised appellant of his right to file a 
pro se
 response.  Subsequent to the court advising appellant of his right to file a 
pro se
 response, appellant requested an extension of time to file that response.  Appellant’s motion for an extension of time to file a response was granted, making his response due on December 15, 2008.  However, appellant has not filed a response
.

By her 
Anders
 brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous.
  We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal.  
See
 
Penson v. Ohio
, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); 
Bledsoe v. State
, 178 S.W.3d 824 (Tex.Crim.App. 2005).  We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s judgment is affirmed.
(footnote: 1)
 Mackey K. Hancock

          Justice

Do not publish.   
   

FOOTNOTES
1: