# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00748-CR

---

**James Michael Gray, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 36TH DISTRICT COURT OF ARANSAS COUNTY
### NO. A-22-5006-CR, THE HONORABLE PATRICK L. FLANIGAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

James Michael Gray, acting pro se, filed a notice of appeal from an October 4, 2022 judgment convicting him of the offense of burglary of a habitation issued by the trial court out of Aransas County, Texas. *See* Tex. Penal Code § 30.02. However, the criminal appellate jurisdiction vested in this Court by the Texas Constitution and the Code of Criminal Procedure is limited to counties in this Court's appellate district. *See* Tex. Const., art. V, § 6 (providing that courts of appeals "shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Code Crim. Proc. arts. 4.01 (establishing criminal jurisdiction in criminal actions in courts of appeals), .03 (providing that courts of appeals "shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed"). Aransas County lies outside this Court's appellate district.

*Compare* Tex. Gov't Code § 22.201(d) (listing twenty-four counties in Third Court's district), *with id.* § 22.201(n) (including Aransas County in list of counties in Thirteenth Court's district). Because Aransas County is outside the boundaries of our district, we lack appellate jurisdiction in this matter, and we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *see also Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (listing section 22.201 of Government Code among examples of laws that establish jurisdiction of courts of appeals); *Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref'd) (applying Rule 42.3 in criminal context).

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Jones*

Dismissed for Want of Jurisdiction

Filed:   March 24, 2023

Do Not Publish

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment.  *See* Tex. Gov't Code § 74.003(b).